ORIGINAL
FILED

'06 SEP 22 PM 3: 35

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
2  **BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO**
3  425 California Street, Suite 2100
San Francisco, California 94104-2205
4  Telephone: (415) 433-3200
Facsimile: (415) 433-6382
5
C. Oliver Burt, III
6  Manuel J. Dominguez
Marc J. Greenspon
7  **BERMAN DeVALERIO PEASE TABACCO
   BURT & PUCILLO**
8  222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
9  Telephone: (561) 835-9400
Facsimile: (561) 835-0322
10
**Counsel for Plaintiffs**
11
[Additional counsel appear on signature page.]
12

13                    **UNITED STATES DISTRICT COURT**

14             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15

*SBA*

16  DOE 1, DOE 2, and KASADORE          )   **C 06    5866**
    RAMKISSOON, on Behalf of Themselves and )   Case No.
17  all other Persons Similarly Situated,   )
                                             )   **CLASS ACTION COMPLAINT**
18              Plaintiffs,                   )
                                             )
19         v.                                 )
                                             )   **JURY TRIAL DEMANDED**
20  AOL LLC,                                  )
                                             )
21              Defendant.                    )
                                             )

22        Plaintiffs Doe 1, Doe 2 and Kasadore Ramkissoon, on behalf of themselves and all others

23  similarly situated, bring this action against AOL LLC ("AOL" or "Defendant") under the

24  Electronic Communications Privacy Act, 18 U.S.C. § 2702, the California Online Privacy Act of

25  2003, Cal. Bus. & Prof. Code § 22575, *et seq.*, the California Consumers Legal Remedies Act,

26  Cal. Civ. Code § 1750, *et seq.*, the California False Advertising Law, Cal. Bus. & Prof. Code §

27  17500, *et seq.*, the California Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.*, the

28

CLASS ACTION COMPLAINT                                                                    1

1   California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and common law,

2   and allege:

### PRELIMINARY STATEMENT

4       1.      By this action, Plaintiffs challenge AOL's release of Member Search Data (defined

5   herein), and the content of other communications to third parties that were posted by AOL in late

6   July, 2006 on a publicly accessible website.  These communications and records included nearly

7   20 million separate Internet search queries, and represented the personal search habits of over

8   650,000 AOL customers gathered over a three-month period last spring.  While no user names

9   were attached to the Member Search Data, the search queries themselves contain information that

10  identify AOL members who made each search.  Further, the search queries provided an intimate

11  look into what these Americans search for on the web, and compromise the privacy consumers are

12  entitled to by Federal and State law when they use search engines. Although AOL eventually

13  pulled the information from its website, by the time it had, the data had already been downloaded,

14  reposted and made searchable at several websites.  Even though AOL apologized for its disclosure,

15  upon information and belief AOL continues to collect and disseminate the very same type of

16  search data that it compromised in late July, 2006.

### JURISDICTION AND VENUE

18      2.      This Court has federal question subject matter jurisdiction over this action pursuant

19  to 28 U.S.C. § 1331, 18 U.S.C. § 2702 and 18 U.S.C. § 2707. This Court has supplemental

20  jurisdiction over the California State Law claims pursuant to 28 U.S.C. § 1367.

21      3.      In the alternative this Court has original jurisdiction over this action pursuant to 28

22  U.S.C. § 1332.

### INTRADISTRICT ASSIGNMENT (N.D. CAL. L.R. 3-2, 3-5)

24      4.      The claims in this action arise within the venue of the San Francisco Division.

### PARTIES

26      5.      Plaintiff Doe 1 is currently residing in the State of California.  Doe 1 has sued using

27  a pseudonym to protect Doe 1's privacy.  Doe 1 was at all times material an AOL member.

28

CLASS ACTION COMPLAINT                                                                    2

6.     Plaintiff Doe 2 is currently residing in the State of California.  Doe 2 has sued using a pseudonym to protect Doe 2's privacy.  Doe 2 was at all times material an AOL member.

7.     Plaintiff Kasadore Ramkissoon is currently residing in Richmond County, New York.  Plaintiff Ramkissoon was at all times material an AOL member.

8.     AOL LLC is a Delaware limited liability company and a majority-owned subsidiary of Time Warner Inc.  AOL LLC maintains its principal place of business at 22000 AOL Way, Dulles, Virginia.

9.     AOL LLC is owned by AOL Holdings LLC, a Delaware limited liability company.  AOL Holdings LLC is 95% owned by Time Warner Inc., both directly and through its wholly owned subsidiary TW AOL Holdings Inc., a Virginia corporation.  AOL Holdings LLC is 5% owned by Google Inc., a Delaware corporation with its principal place of business in Mountain View, California.

10.     Time Warner Inc is a Delaware corporation and maintains its principal place of business at One Time Warner Center, New York, New York.

## FACTUAL ALLEGATIONS

11.     AOL LLC and its subsidiaries operate a leading network of web brands and the largest Internet access subscription service in the United States.  The core AOL service, a subscription-based service, provides members with access to the Internet and a wide variety of content, features, services, applications and tools, including proprietary search tools and purported safety and security features.

12.     On information and belief, AOL, without the knowledge of its members, has a business practice of recording and storing each and every Internet search query made by each of its members.  Thus, every time an AOL member conducts a search on the web using AOL's proprietary search engine, "search.aol.com", AOL makes a record of that member's search and then stores the record indefinitely.

13.     "Searching" is one of the basic activities performed on the Internet.  Today most everyone with access to the Internet uses search engines to help find information on the World

1   Wide Web.  When using a search engine such as Google, Yahoo, or the one provided by AOL to

2   its members, users formulate a search query.  The search engine then matches the search query

3   with websites containing words or numbers used in the search query, and provides a list of those

4   matching websites to the user.  Millions of Internet users formulate and execute hundreds of

5   millions of Internet search queries every day, using search engines such as the one AOL provides

6   to its members.

7       14.     "Searching" is a highly lucrative business; search engine companies have

8   "monetized" searching by providing users with paid advertising together with their search results.

9   AOL provides search-based advertising to its members and earns tens of millions of dollars each

10  year by doing so.  Search advertising is triggered when a search engine is asked to run a search

11  query.  The search engine processes the query and provides a results page with links to websites

12  containing information relevant to the search.  In addition to the results page, the search engine

13  also provides advertisements which are related to the search query.  If the user of the search engine

14  clicks on the ad to purchase an item or find out more about the advertiser, the search engine earns a

15  fee from the advertiser.

16      15.     On information and belief, AOL, without the knowledge of its members, has a

17  business practice of recording and storing each and every search query made by its members in a

18  manner that uniquely correlates the search query with the member who made it.  Thus, members

19  who use AOL's proprietary search software to conduct a search on the Internet have their searches

20  made into a record which are stored by AOL and which are uniquely identified as the search of

21  that member.  AOL stores these records, for how long is presently unknown, as is the access it

22  provides and to whom.

23      16.     On July 31, 2006, roughly twenty million AOL Internet search records were

24  packaged into a database and posted on AOL's website for the public to download ("Member

25  Search Data" or the "Database").  The Member Search Data consists of search records for nearly

26  658,000 AOL members who conducted searches from about March 2006 through May 2006.  By

27  posting the Member Search Data on the Internet, AOL made the highly personal and sensitive

28

CLASS ACTION COMPLAINT                                                                    4

1   information of its members contained in Member Search Data available for all to see.  AOL did

2   not receive the consent of any of its members to release this information.

3          17.    About ten days after making the Member Search Data available for downloading,

4   AOL realized it had made a serious error and removed the Database from its website.  But, the

5   damage had already been done.  The Member Search Data had already been downloaded and

6   reposted on the web and has essentially become a public record.

7          18.    The Member Search Data holds sensitive financial information about the AOL

8   members, including but not limited to names, street addresses, phone numbers, credit card

9   numbers, social security numbers, financial account numbers, passwords and usernames.

10          19.    The Database also contains information of a more highly personal and sensitive

11   nature.  The Member Search Data exposes an AOL member's personal struggles with various

12   highly personal issues, including sexuality, mental illness, recovery from alcoholism, and

13   victimization from incest, physical abuse, domestic violence, adultery, and rape.

14          20.    Many of these highly personal issues can be associated with the actual names of

15   AOL members.  The Member Search Data does not directly identify AOL members but, instead

16   assigns each member a unique identification number linked to each search they make.  Though this

17   is supposed to protect the identity of the AOL member, even AOL admits that the search queries

18   themselves "could potentially lead to people being identified."  Personal information contained in

19   search queries can reveal the identity of the AOL member.  The Member Search Data contains

20   personally identifiable information like names, birthdates, phone numbers, addresses, social

21   security numbers and driver license numbers.  This personal information can be culled from the

22   Member search data and used to reveal the identity of the AOL member.  Once the AOL member

23   has been identified he/she can then be cross referenced with his/her unique identification number.

24   Once the unique identification number is correlated with an identified AOL member it can be used

25   to query the Member Search Data and quickly identify and segregate the identified AOL member's

26   complete search history from the millions of other records in the Database.

27          21.    The Member Search Data, which was released without authorization or consent, has

28

CLASS ACTION COMPLAINT                                                                    5

1   now become a permanent, public record on the Internet, free to be manipulated and exposed at the

2   whim of those who have the Database.  A number of websites currently associate themselves with

3   the Member Search Data.  Some of these sites have modified the Member Search Data so that it

4   can be searched.  Other sites actually identify the AOL members by name and "connect" them with

5   their unique identification numbers.  There are still other websites that not only identify the AOL

6   member and list their Internet searches, but also create a platform and invite the public to openly

7   criticize and pass judgment on AOL members based on their searches.  For AOL members who

8   have been personally identified, their private, highly personal, sensitive and confidential

9   information is there for public inquiry, obloquy and ridicule.

10       22.     Compounding the problem is that any AOL member who has been identified by any

11   of these sites can have his/her search history easily located through the use of any web search

12   engine like Google or even AOL's proprietary search engine, "seach.aol.com."  With a few key

13   strokes anyone with access to the web can review this highly personal and sensitive information.

14       23.     This is exactly what happened to one AOL member who became the subject of an

15   August 9, 2006, New York Times article based on her Internet searches contained in the Member

16   Search Data. The New York Times reporters were able to identify the individual by querying the

17   AOL Member Data.   Once identified, the reporters contacted the individual and asked her

18   questions about her Internet searches, which included "numb fingers," "60 single men," "dry

19   mouth," "thyroid," "women's underwear", and "dog that urinates on everything."  As expressed,

20   by the AOL member, her "whole personal life" was revealed.  AOL's response has been to do

21   nothing. AOL has not even bothered to notify its members that their private communications have

22   been released.   AOL readily admits that the release of the Database was wrong.   In AOL

23   spokesman Andrew Weinstein's words, "This was a screw up, and we're angry and upset about it."

24       24.     In particular, AOL has failed to block its own search engine from further disclosing

25   the Member Search Data.  A search query executed on AOL's search engine using terms contained

26   in the Database will return results linking third-party websites that post copies of the Member

27   Search Data.  Likewise, search queries using the names of AOL members whose identities have

28

CLASS ACTION COMPLAINT                                                                        6

1    been revealed also return search results linking third-party websites posting copies of the Member

2    Search Data.  To protect the privacy of those whose search records it improperly disclosed, AOL

3    could program its search engine not to provide results linking to these websites.  AOL, however,

4    has not done so.

5        25.    Nor has one of AOL's owners, Google, blocked from its search results the third-

6    party websites posting the copies of the Member Search Data.

7        26.    In disclosing the Member Search Data, AOL purported to impose a license on the

8    use of the Database, including a prohibition on commercial use.  However, AOL has failed to

9    enforce the terms of this license against third-party websites that are republishing the Member

10   Search Records to the detriment of AOL's members.  Third-party websites are profiting from

11   republication by displaying advertisements together with the Database.

12       27.    As of the date of this complaint it is the understanding of plaintiffs and their counsel

13   that AOL has not done anything to help the members whose personal sensitive and confidential

14   records where released to the public by AOL.  AOL members who sought assistance from AOL

15   about the disclosure of the Member Search Data were not offered any assistance.    AOL's only

16   response, if any, was to offer the victimized member a free month of AOL service, a service which

17   AOL is now offering for free.

18       28.    AOL holds itself out as one of the safest Internet experiences available today. In

19   advertisements AOL "sings its own praises" as it lays claim to being a leader and innovator in

20   Internet security and privacy for its members.  AOL boasts that it provides consumers with a Safer

21   More Secure Online experience, which includes additional safeguards for personal information and

22   privacy. *See* http://corp.aol.com/products/brands_aol2.shtml.  AOL also offers the AOL Safety and

23   Security Center, which includes a privacy wall, which it claims helps to protect an AOL members'

24   personal information. *See id.*

25       29.    AOL fosters this environment of safety and privacy protection through, among

26   other things, its privacy policy, in which AOL makes representations on how it safeguards AOL

27   members' personal information. The relevant portion of AOL's privacy policy states as follows:

28

CLASS ACTION COMPLAINT                                                                    7

1  Your AOL Network information will not be shared with third parties unless it is
2  necessary to fulfill a transaction you have requested, in other circumstances in
   which you have consented to the sharing of your AOL Network information, or
3  except as described in this Privacy Policy.  The AOL Network may use your AOL
   Network information to present offers to you on behalf of business partners and
4  advertisers.  These business partners and advertisers receive aggregate data about
   groups of AOL Network users, but do not receive information that personally
5  identifies you.

6      30.    Further, AOL represents: "[O]ur Members' privacy has always been one of our

7  most important values," and "Your privacy is central to what we do at AOL."  *See*

8  http://about.aol.com/aolnetwork/mem_policy; http://about.aol.com/aolnetwork/mem_commit-

9  ments.

10     31.    Similarly, AOL lists eight "Privacy Commitments to Members," which according to

11 AOL, "explain how we help to protect your privacy and security."  AOL states, among other

12 things: "(1) Your private communications are just that-private; (2) We do not use information

13 about where you personally go on the Web outside AOL; (3) We give you powerful tools to help

14 protect yourself." *See* http://about.aol.com/aolnetwork/mem_commitments.

15     32.    AOL's representations that it protects its members' privacy and safety has led to

16 praise and awards from the industry.  In 2005, TRUSTe, a leading non-profit organization

17 promoting privacy in digital communications, and Ponemon Institute, a "think tank" dedicated to

18 privacy and data protection research, named AOL as the most trusted web portal or ISP for privacy

19 in its annual survey of U.S. consumers.  The survey consisted of more than seven thousand people

20 whose opinions concerning the privacy practices and history of various companies were collected.

21 Respondents cited a wide range of factors to consider in judging a company's trustworthiness.

22 Factors cited by more than a third of the participants included the company's limits over the

23 collection, use and sharing of personal information; the sense of security protections when

24 providing personal information; and AOL's privacy policy.

25     33.    Despite AOL's representations about safety and protection of personal records, its

26 business practices do not support those claims.  AOL's release of roughly twenty million search

27 queries for close to 658,000 of its members is an example of just such a practice.

28

CLASS ACTION COMPLAINT                                                    8

## CLASS ACTION ALLEGATIONS

34.    Pursuant to Rule 23 (a) and (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs brings this action on behalf of themselves and a Nationwide Class of similarly situated persons defined as:

**All AOL members in the United States whose Internet search query data was disclosed without their consent from January 1, 2004 and continuing to present (the "Class Period").**

35.    Plaintiffs Doe 1 and Doe 2 also bring certain of the claims, as identified hereafter, on behalf of the following California Subclass:

**All AOL members in the State of California whose Internet search query data was disclosed without their consent during the Class Period.**

36.    Excluded from the Nationwide Class and California Subclass are the officers, directors, and employees of Defendant, and its legal representatives, heirs, successors, and assigns.

37.    Plaintiffs do not know the exact number of class members. As alleged herein on or about August 4, 2006, AOL divulged Internet search query data from approximately 658,000 AOL members in the United States without their consent. In its complaint filed with the Federal Trade Commission, the World Privacy Forum, alleges that AOL divulged additional Internet search query data at other times, including the Fall of 2004, without AOL member consent. Plaintiffs believe that the class members are sufficiently numerous and geographically dispersed throughout the United States that joinder of all class members is impracticable.

38.    There are questions of law or fact common to the Nationwide Class and the California Subclass, including, but not limited to, the following:

a.    Whether AOL's release of the Member Search Data, to third parties, was a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2702, *et seq.*;

b.    Whether AOL has released the Member Search Data or the content of other communications to third parties and the number of times AOL has released this information;

c.    Whether AOL's release of the Member Search Data to third parties is a violation of California Law;

d.    Whether AOL is in violation of Cal. Bus. & Prof. Code § 22575, *et seq.*;

CLASS ACTION COMPLAINT                                                                                     9

1     e.     Whether AOL is in violation of Cal. Civ. Code § 1750, *et seq.*;

2     f.     Whether AOL is in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*;

3     g.     Whether AOL is in violation of Cal. Civ. Code § 1798.80, et seq.;

4     h.     Whether AOL is in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

5     i.     Whether Plaintiffs and members of the class are entitled to damages and/or restitution and the appropriate measure of damages; and

6

7     j.     Whether Plaintiffs and members of the class are entitled to injunctive and other equitable relief.

8     39.     Plaintiffs are members of the Nationwide Class and Plaintiffs Doe 1 and Doe 2 are

9 members of the California Subclass.  Plaintiffs' claims are typical of the claims of other class and

10 subclass members.

11     40.     Plaintiffs will fairly and adequately protect the interests of the Nationwide Class

12 and California Subclass.  There is no conflict of interest between Plaintiffs and other members of

13 the Nationwide Class and/or California Subclass.   Plaintiffs are represented by counsel

14 experienced in class actions and consumer law.

15     41.     Defendant has acted in an unlawful manner on grounds generally applicable to all

16 members of the Nationwide Class and California Subclass.

17     42.     The questions of law or of fact common to the claims of the Nationwide Class and

18 California Subclass predominate over any questions affecting only individual class members, so

19 that the certification of this case as a class action is superior to other available methods for the fair

20 and efficient adjudication of the controversy

21     43.     For these reasons, the proposed Nationwide Class and California Subclass may be

22 certified under Rule 23 of the Federal Rules of Civil Procedure.

### COUNT I

**Divulgence of Electronic Communications**
**Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2702**
**(Plaintiffs Doe 1, Doe 2, and Ramkissoon and the Nationwide Class**
**[Including the California Subclass] v. Defendant)**

27     44.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding

28 paragraphs of this Complaint, as if set forth fully herein.  Plaintiffs bring this cause of action on

CLASS ACTION COMPLAINT

1  behalf of themselves and the Nationwide Class.

2      45.    The search queries that have been stored by AOL in the Member Search Data are

3  contents of communications made by AOL members.  In the alternative the search queries which

4  make up the AOL Member Search Data are records or other information pertaining to AOL

5  members.

6      46.    In relevant part, the Electronic Communications Privacy Act,  18 U.S.C. § 2702(a)

7  provides as follows:

8      (a)    Prohibitions.  Except as provided in subsection (b) or (c) – (1) a person or
9  entity providing an electronic communication service to the public shall not
   knowingly divulge to any person or entity the contents of a communication while
10  in electronic storage by that service: and (2) a person or entity providing remote
   computing service to the public shall not knowingly divulge to any person or
11  entity the contents of any communication which is carried or maintained on that
   service – (A) on behalf of, and received by means of electronic transmission from
12  (or created by means of computer processing of communications received by
   means of electronic transmission from) a subscriber or customer of such service;
13  (B) solely for the purpose of providing storage or computer processing services to
   such subscriber or customer if the provider is not authorized to access the contents
14  of any such communications for purposes of providing any services other than
   storage or computer processing; and (3) a provider of remote computing service
15  or electronic communication service to the public shall not knowingly divulge a
   record or other information pertaining to a subscriber to or customer of such
16  service (not including the contents of communications covered by paragraph (1)
   or (2)) to any governmental entity.

17      47.    AOL provides an "electronic communication service" to the public.  As alleged

18  herein, AOL has knowingly divulged the contents of millions of communications by hundreds of

19  thousands of its members, including those of Plaintiffs and members of the Nationwide Class,

20  while those communications were in electronic storage on its service, in violation of 18 U.S.C. §

21  2702(a)(1).

22      48.    AOL provides a "remote computing service" to the public.  As alleged herein, AOL

23  has knowingly divulged the contents of communications carried or maintained on that system,

24  including those of Plaintiffs and members of the Nationwide Class, in violation of 18 U.S.C. §

25  2702(a)(2).

26      49.    As alleged herein, AOL has knowingly divulged to government entities records or

27  other information pertaining to subscribers or customers of its electronic communication and

28  remote computing services, including Plaintiffs and members of the Nationwide Class, in violation

CLASS ACTION COMPLAINT

11

1    of 18 U.S.C. § 2702(a)(3).

2        50.    Plaintiffs and members of the Nationwide Class have suffered harm as a result of

3    AOL's violations of 18 U.S.C. § 2702, including paying service and other fees and charges to

4    AOL and suffering the public disclosure of their private information and the consequences thereof.

5        51.    Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person

6    aggrieved by a knowing or intentional violation of 18 U.S.C. § 2702, Plaintiffs and members of the

7    Nationwide Class seek preliminary and permanent injunctive, declaratory, and equitable relief as

8    may be appropriate; statutory damages, actual damages, and disgorgement of any profits made by

9    AOL as a result of this violation but no less than $1,000 for each aggrieved Plaintiff or class

10    member; punitive damages as the Court considers just; and reasonable attorney's fees and other

11    litigation costs.

12                              **COUNT II**

13         **Fraudulent, Unfair, and Deceptive Business Practices**

14       **Violation of the California Consumers Legal Remedies Act**
                      **Cal. Civ. Code § 1750, *et seq.***

15     **(Plaintiffs Doe 1, Doe 2, and the California Subclass v. Defendant)**

16        52.    Plaintiffs Doe 1 and Doe 2 repeat and incorporate herein all allegations set forth in

17    paragraph numbers 1 through 45 of the Complaint, as if set forth fully herein. This Count is

18    brought on behalf of Plaintiffs Doe 1, Doe 2 and all class members who reside in the State of

19    California.

20        53.    Cal. Civ. Code § 1770 prohibits unfair methods of competition and unfair or

21    deceptive acts or practices which result in sale of goods or services to any consumer that are

22    unlawful. Cal. Civ. Code § 1770 prohibits, among other unlawful acts or practices:

23          (a)(7)   Representing that goods or services are of a particular standard, quality, or
            grade, or that goods are of a particular style or model, if they are of another.

24

25        54.    AOL has violated Cal. Civ. Code § 1770(a)(7) by engaging in unfair methods of

26    competition or unfair or deceptive acts or practices including, but not limited to the following:

27          a.      Representing that AOL uses secure technology, privacy protection controls and
            restrictions on employee access in order to safeguard its members' personal

28

CLASS ACTION COMPLAINT                                          12

information;

b.   Representing that AOL will keep its members fully informed, about what it does with its members' personal information;

c.   Representing that AOL's Internet service is safe, secure, and private;

d.   Representing that AOL will not share a member's AOL network information with any third parties;

e.   Representing that AOL will not share a member's AOL network information in a manner that personally identifies a user;

f.   Representing that AOL does not use information about where its members personally go on the web outside AOL, without consent;

g.   Representing that AOL 9.0's Clear My Footprints feature "can easily wipe away [users'] online footprints," including a member's browsing history; and

h.   Other unfair, unconscionable, deceptive, or fraudulent conduct as alleged above.

55.   On information and belief, AOL is continuing to gather personally identifiable information and there is no indication that AOL will stop this conduct in the future. AOL's unlawful and unfair business practices will continue to cause members of the California Subclass harm.

56.   Pursuant to Cal. Civ. Code §§ 1780 and 1781, Plaintiffs Doe 1, Doe 2, and the California Subclass seek actual damages, restitution, punitive damages, injunctive relief and such other forms of relief as this court deems proper. Plaintiffs Doe 1, Doe 2, and the California Subclass also seek attorney's fees and court costs pursuant to Cal. Code Civ. Proc. § 1780(d).

## COUNT III

**Fraudulent, Unfair, and Deceptive Business Practices**
**Violation of the California Customer Records Act**
**Cal. Civ. Code § 1798.80, *et seq.***
**(Plaintiffs Doe 1, Doe 2, and the California Subclass v. Defendant)**

57.   Plaintiffs Doe 1 and Doe 2 repeat and incorporate herein all allegations set forth in paragraph numbers 1 through 45 of the Complaint, as if set forth fully herein. This Count is brought on behalf of Plaintiffs Doe 1, Doe 2 and all class members who reside in the State of California.

58.   Cal. Civ. Code § 1798.81 requires that a business take all reasonable steps to destroy or arrange for the destruction of a customer's records within its custody or control

CLASS ACTION COMPLAINT                                                             13

containing personal information which is no longer to be retained by the business by modifying the personal information in those records to make it unreadable or undecipherable through any means.

59.    Cal. Civ. Code § 1798.81.5 requires businesses to implement and maintain reasonable security procedures to protect the personal information of their customers.

60.    AOL's release of Member Search Data without the appropriate protections or modifications to protect personal information contained in the database as alleged herein violated Cal. Civ. Code  §§ 1798.81 and 1798.81.5.

61.    Pursuant to Cal. Civ. Code § 1798.84, Plaintiffs Doe 1, Doe 2, and the California Subclass seek damages, including statutory damages of $3,000 per violation together with injunctive relief.  Plaintiffs Doe 1, Doe 2, and the California Subclass also seek attorney's fees pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

### COUNT IV

**Untrue or Misleading Statements**
**Violation of the California False Advertising Law**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(Plaintiffs Doe 1, Doe 2, and the California Subclass v. Defendant)**

62.    Plaintiffs Doe 1 and Doe 2 repeat and incorporate herein all allegations set forth in paragraph numbers 1 through 45 of the Complaint, as if set forth fully herein.  This Count is brought on behalf of Plaintiffs Doe 1, Doe 2 and all class members who reside in the State of California.

63.    The acts, omissions, and practices of AOL alleged herein include untrue or misleading statements made in connection with the provision of services which were known, or which by the exercise of reasonable care should have been known, to be untrue or misleading, in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*  These untrue or misleading statements include, but are in no way limited to, the following:

a.    Representing that AOL uses secure technology, privacy protection controls and restrictions on employee access in order to safeguard its members' personal information;

b.    Representing that AOL will keep its members informed, clearly and prominently,

CLASS ACTION COMPLAINT

14

about what it does with its members' personal information;

c.  Representing that AOL's Internet service is safe, secure, and private;

d.  Representing that AOL will not share a member's AOL network information with any third parties;

e.  Representing that AOL will not share a members AOL network information in a manner that personally identifies a user;

f.  Representing that AOL does not use information about where its members personally go on the web outside AOL, without consent;

g.  Representing that AOL 9.0's Clear My Footprints feature "can easily wipe away [a members'] online footprints," including a member's browsing history; and

h.  Other untrue or misleading statements as alleged above.

64.  Plaintiffs Doe 1, Doe 2, and the California Subclass have suffered harm and lost money or property as a result of AOL's violations of California Business and Professions Code § 17500, *et seq.*, including paying service and other fees and charges to AOL and suffering the public disclosure of their private information.

65.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiffs Doe 1, Doe 2, and the California Subclass seek restitution, disgorgement, injunctive relief and all other relief from Defendant allowed under Cal. Bus. & Prof. Code § 17500, *et seq.* Plaintiffs Doe 1, Doe 2, and the California Subclass also seek attorney's fees pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

## COUNT V

**Fraudulent, Unfair, and Deceptive Business Practices
Violation of the California Unfair Competition Law
Cal. Bus. & Prof. Code § 17200, *et seq.*
(Plaintiffs Doe 1, Doe 2, and the California Subclass v. Defendant)**

66.  Plaintiffs Doe 1 and Doe 2 repeat and incorporate herein all allegations set forth in paragraph numbers 1 through 45 of the Complaint, as if set forth fully herein. This Count is brought on behalf of Plaintiffs Doe 1, Doe 2 and all class members who reside in the State of California.

67.  By engaging in the acts and practices described herein, Defendant has committed one or more unfair business practices within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et*

CLASS ACTION COMPLAINT

15

1   *seq.*

2   68.   The acts, omissions, and practices alleged in the Complaint constitute a continuous

3   course of unfair, unlawful, and/or fraudulent business practices within the meaning of Cal. Bus. &

4   Prof. Code § 17200, *et seq.* including, but in no way limited to, the following:

5   a.   The violation of 18 U.S.C. §§ 2702(a)(1) and/or (a)(2) set forth above;

6   b.   The violation of Cal. Bus. & Prof. Code § 22575, *et seq.*;

7   c.   The violation of Cal. Civ. Code § 1750 set forth above;

8   d.   The violation of Cal. Civ. Code § 1798.80 set forth above;

9   e.   The violation of Cal. Bus. & Prof. Code § 17500 set forth above;

10  f.   The public disclosure of private facts and other conduct in violation of the
        common law;

11

12  g.   Other unfair, unconscionable, misleading or fraudulent conduct as alleged above.

13  69.   Plaintiffs Doe 1, Doe 2, and the California Subclass have suffered harm and loss of

14  money or property as a result of such unfair and unlawful business practices, including paying the

15  service and other fees and charges to AOL and suffering the public disclosure of their private

16  information.

17  70.   On information and belief, AOL is continuing to gather personally identifiable

18  information and there is no indication that AOL will stop this conduct in the future.   AOL's

19  unlawful and unfair business practices will continue to cause members of the California Subclass

20  harm.

21  71.   Pursuant to Cal. Bus. & Prof. Code § 17204, Plaintiffs Doe 1, Doe 2, and the

22  California Subclass seek restitution, disgorgement, injunctive relief and all other relief from

23  Defendant allowed under Cal. Bus. & Prof. Code § 17200, *et seq.* Plaintiffs Doe 1, Doe 2, and the

24  California Subclass also seek attorney's fees pursuant to Cal. Code Civ. Proc. §1021.5, as well as

25  such other and further relief as the Court deems just and proper.

26

27

28

CLASS ACTION COMPLAINT                                                                    16

1

## COUNT VI

2

**Unjust Enrichment**
**(Plaintiffs Doe 1, Doe 2, and Ramkissoon and the Nationwide Class**
**[Including the California Subclass] v. Defendant)**

3

4      72.     Plaintiffs repeat and incorporate herein all allegations set forth in paragraph

5    numbers 1 through 45 of the Complaint, as if set forth fully herein.

6      73.     AOL benefited from its unlawful acts through the receipt of payments for Internet

7    service from Plaintiffs and other members of the Nationwide Class.  It would be inequitable for

8    AOL to be permitted to retain the benefit of these service fees, which were conferred by Plaintiffs

9    and retained by AOL.

10      74.     AOL continues to benefit from their unlawful acts through the receipt of payments

11    in connection with its proprietary search engine, which continues to index websites associated with

12    the Member Search Data.  It would be inequitable for Defendant to be permitted to retain the

13    benefit of these monies.

14      75.     Plaintiffs are entitled to the establishment of a constructive trust consisting of the

15    benefit to AOL of such payments from which Plaintiffs and members of the Nationwide Class may

16    make claims on a pro-rata basis for restitution.

17

## COUNT VII

18

**Public Disclosure of Private Facts**
**(Plaintiffs Doe 1, Doe 2, and the California Subclass v. Defendant)**

19

20      76.     Plaintiffs Doe 1 and Doe 2 repeat and incorporate herein all allegations set forth in

21    paragraph numbers 1 through 45 of the Complaint, as if set forth fully herein.

22      77.     By its conduct, AOL has knowingly and intentionally caused the public disclosure

23    of private facts concerning Plaintiffs Doe 1, Doe 2 and members of the California Subclass.  These

24    private facts are ones that a reasonable person would not wish disclosed and that are not

25    newsworthy.

26      78.     Plaintiffs Doe 1, Doe 2 and the California Subclass have suffered harm as a result

27    of AOL's public disclosure of private facts about them.

28      79.     Plaintiffs Doe 1, Doe 2 and the California Subclass are entitled to actual and

CLASS ACTION COMPLAINT                                                                    17

1    punitive damages and injunctive relief for these torts.

2                                    **PRAYER FOR RELIEF**

3         80.    **WHEREFORE,** Plaintiffs and the Class pray that the Court enter judgment in their

4    favor as follows:

5         1.     Declaring that this action is a proper class action both nationwide and in

6                California and certifying Plaintiffs as the representatives of the Classes pursuant

7                to Rule 23 of the Federal Rules of Civil Procedure;

8         2.     Declaring that AOL has violated and is in violation of the Electronic

9                Communications Privacy Act, 18 U.S.C. § 2702;

10        3.     Declaring that AOL has violated and is in violation of Cal. Civ. Code  § 1770, *et*

11               *seq.*;

12        4.     Declaring that AOL has violated and is in violation of Cal. Civ. Code § 1798.80,

13               *et seq.*;

14        5.     Declaring that AOL has violated and is in violation of Cal. Bus. & Prof. Code §

15               22575, *et seq.*;

16        6.     Declaring that AOL has violated and is in violation of Cal. Bus. & Prof. Code §

17               17500, *et seq.*;

18        7.     Declaring that AOL has violated and is in violation of Cal. Bus. & Prof. Code §

19               17200, *et seq.*;

20        8.     Declaring that AOL has violated and is in violation of the common law;

21        9.     Awarding Plaintiffs and the Nationwide Class statutory and actual damages of no

22               less than $ 1,000 for each member of the class;

23        10.    Awarding Plaintiffs Doe 1, Doe 2 and the California Subclass statutory and actual

24               damages of no less than $ 1,000 per member of the California Subclass for AOL's

25               violation of Cal. Civ. Code § 1770, *et seq.*;

26        11.    Awarding Plaintiffs Doe 1 , Doe 2 and the California Subclass statutory damages

27               of $3,000 per member of the California Sub Class for AOL's violation of Cal.

28

CLASS ACTION COMPLAINT                                                                          18

Civ. Code § 1798.80, *et seq.*

12. Awarding Plaintiffs and the Classes injunctive relief including but not limited to having AOL ensure that the Member Search Data does not appear as search results in Internet search engines;

13. Awarding Plaintiffs and the Classes injunctive relief including but not limited to ordering AOL take all necessary steps to enforce its license prohibiting commercial and non-research use of the Member Search Data;

14. Awarding Plaintiffs and the Classes injunctive relief including but not limited to ensuring that AOL no longer stores or maintains records of any kind associated with web searches by its members and customers on AOL's search engine;

15. Awarding Plaintiffs and the Classes injunctive relief including but not limited to ensuring that AOL destroys all records in its possession, custody, or control associated with web searches by its members and customers on AOL's search engine;

16. Ordering AOL to disgorge revenues and profits wrongfully obtained and awarding restitution to Plaintiffs and members of the Classes;

17. Awarding Plaintiffs and members of the Classes punitive damages;

18. Awarding Plaintiffs and members of the Class costs, interest, expenses and attorneys' fees for bringing and prosecuting this action; and

19. Whatever other and further relief the Court deems just and proper.

///
///
///

CLASS ACTION COMPLAINT                                                        19

1

## JURY TRIAL DEMAND

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

3   respectfully demand a trial by jury for all causes of action so triable.

4   Dated: September 22, 2006                **BERMAN DeVALERIO PEASE TABACCO
                                             BURT & PUCILLO**
5
6                                            By: _____
7                                                Christopher T. Heffelfinger

8                                            Joseph J. Tabacco, Jr.
                                             425 California Street, Suite 2100
9                                            San Francisco, California 94104-2205
                                             Telephone:  (415) 433-3200
10                                           Facsimile:  (415) 433-6382
                                             E-Mail: sflaw@bermanesq.com
11
12                                           C. Oliver Burt, III
                                             Manuel J. Dominguez
13                                           Marc J. Greenspon
                                             222 Lakeview Avenue, Suite 900
14                                           West Palm Beach, FL 33401
                                             Telephone: (561) 835-9400
15                                           Facsimile: (561) 835-0322
                                             E-Mail: lawfla@bermanesq.com
16
17                                           **LAW OFFICE OF RICHARD R. WIEBE**
                                             Richard R. Wiebe
18                                           425 California Street, Suite 2025
                                             San Francisco, CA 94104
19                                           Telephone:  (415) 433-3200
                                             Facsimile:  (415) 433-6382
20                                           E-Mail:  wiebe@pacbell.net
21
22                                           **JAMES K. GREEN, P.A.**
                                             James K. Green
23                                           222 Lakeview Avenue, Suite 1650
                                             West Palm Beach, FL  33401
24                                           Telephone: (561) 659-2029
                                             Facsimile: (561) 655-1357
25                                           E-Mail: jameskgreen@bellsouth.net
26
27                                           *Counsel for Plaintiffs*
28

CLASS ACTION COMPLAINT                                                          20