CHRISTOPHER T. HEFFELFINGER (118058)
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
425 California Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
cheffelfinger@bermanesq.com

C. OLIVER BURT, III (*Pro Hac Vice*)
MANUEL J. DOMINGUEZ (*Pro Hac Vice*)
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 835-0322
jdominguez@bermanesq.com
cburt@bermanesq.com

(*Additional Counsel on signature page*)

*Attorneys for Plaintiffs*

PATRICK J. CAROME (*Pro Hac Vice*)
SAMIR C. JAIN (No. 181572)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-3642
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
patrick.carome@wilmerhale.com
samir.jain@wilmerhale.com

(*Additional Counsel on signature page*)

*Attorneys for AOL LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE 1, DOE 2, and KASADORE RAMKISSOON, on Behalf of Themselves and all other Persons Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>AOL LLC,<br><br>          Defendant. | CASE NO. C-06-5866 SBA<br><br>**STIPULATION AND PROPOSED ORDER CONCERNING REQUEST OF PLAINTIFFS DOE 1 AND DOE 2 TO PROSECUTE CASE ANONYMOUSLY** |

[C-06-5886 SBA] STIPULATION AND PROPOSED ORDER CONCERNING REQUEST OF PLAINTIFFS DOE 1 AND DOE 2 TO PROSECUTE CASE ANONYMOUSLY    1

WHEREAS Plaintiffs filed on September 22, 2006, a Class Action Complaint and Notice of Motion, Motion, and Memorandum of Points and Authorities in Support of Motion by Doe 1 and Doe 2 to Prosecute Case Anonymously and Request to File Declarations Under Seal ("Motion to Prosecute Case Anonymously" and "Request to File Declarations Under Seal," respectively);

WHEREAS the Motion to Prosecute Case Anonymously and Request to File Declarations Under Seal were served on AOL LLC ("AOL") on September 29, 2006, along with the Class Action Complaint;

WHEREAS, on October 18, 2006, the parties filed a Stipulation Extending Time to Respond to Complaint until November 20, 2006;

WHEREAS Plaintiffs Doe 1 and Doe 2 stated in their Motion to Prosecute Case Anonymously that once the Court assigned the case, they would re-notice the Motion and would serve on AOL an amended notice of motion, together with supporting declarations of Doe 1 and Doe 2;

WHEREAS the parties have met and conferred regarding the Motion to Prosecute Case Anonymously and Request to File Declarations Under Seal pursuant to Judge Armstrong's Standing Orders;

WHEREAS Plaintiffs Doe 1 and Doe 2 asserted in their Motion to Prosecute Case Anonymously that the legal standard for proceeding under pseudonyms has been satisfied;

WHEREAS Defendant AOL does not agree or concede that such legal standard has been satisfied, but is nonetheless willing to have Doe 1 and Doe 2 proceed anonymously, subject to the procedures and conditions spelled out in this Stipulation;

WHEREAS Defendant AOL has reviewed redacted versions of the Declarations that Plaintiffs Doe 1 and Doe 2 propose to file under seal, from which only the names and city or county of residence of Doe 1 and Doe 2 have been redacted, and AOL does not oppose the filing under seal of the unredacted originals of these Declarations;

WHEREAS AOL does not object to Doe 1 and Doe 2 being initially permitted to prosecute the case anonymously, so long as the terms and conditions of this Stipulation are honored and, in

reliance on the understanding that AOL's non-objection shall not be deemed to constitute or reflect any admission or concession of any sort on the part of AOL;

IT IS HEREBY STIPULATED by Plaintiffs and AOL, through their respective attorneys of record, and subject to the approval of the Court, as follows:

1. Plaintiffs Doe 1 and Doe 2 shall be permitted to prosecute the pretrial phases of this case using pseudonyms and without disclosing their identities on the public record, subject to the terms and conditions specified in the following paragraphs of this Stipulation.

2. Within five (5) days after the Court approves and "so orders" this Stipulation, Plaintiffs Doe 1 and Doe 2 will file with the Court, under seal, original sworn declarations ("Declarations") in which each of them will state their true names and current city or county of residence.

3. Simultaneously with the filing under seal of the original Declarations, Plaintiffs Doe 1 and Doe 2 will file with the Court, on the public record, redacted versions of each Declaration from which only the true names and city or county of residence of Doe 1 and Doe 2 have been redacted.

4. On the same day that the Declarations are filed with the Court, Plaintiffs will serve on AOL, via the undersigned designated counsel, complete copies of the original, unredacted Declarations that were filed under seal.

5. Except as may be otherwise provided for in a further confidentiality agreement and/or Order of confidentiality approved and entered in this case, AOL and its counsel shall be obligated to hold in confidence, and not disclose either the unredacted Declarations or the fact that the persons named therein are Plaintiffs in this action to anyone, other than court personnel or a court reporter involved in proceedings in this case, who is not (a) employed by either AOL or its counsel of record in this case or (b) a third party that is related to this litigation. Third parties *related* to this litigation are experts, consultants, investigators or anyone hired by AOL or its counsel to defend this matter who either have executed confidentiality agreements or who are subject to an order of confidentiality

entered in this case. The obligations of AOL and its counsel under this paragraph shall terminate in the event that the identities of Doe 1 and Doe 2 become publicly known through any means other than a disclosure by AOL or its counsel.

6. If at any time AOL believes that it is being prejudiced by the fact that either Doe 1 or Doe 2 has been permitted to prosecute this case under a pseudonym, AOL may a request that the sealed Declarations be unsealed and that the Does' permission to continue prosecuting this action using pseudonyms be vacated. In the event that any Plaintiff opposes such a request or motion, the Court shall make a *de novo* determination of whether either of the Does may continue to prosecute the action without publicly disclosing their true identities, with the burden of establishing a need and basis for continuing anonymity, sufficient to satisfy the normal standards for allowing a litigant to proceed anonymously, resting on the Plaintiff or Plaintiffs advocating continued anonymity.

7. It is expressly understood and agreed that neither AOL's entry into this Stipulation, nor AOL's acquiescence in the Does' request to prosecute this case initially using pseudonyms rather than their true identities, shall in anyway:

    a. be deemed or construed to constitute or reflect a concession or admission on the part of AOL regarding any factual, procedural, or legal issue that is or may become pertinent to this litigation, including but not limited to whether any of the allegations in the Complaint is true, whether any of Plaintiffs' claims has merit, and whether any Plaintiff or other person has suffered or may in the future suffer any damage or injury;

    b. be deemed or construed to waive or impair in anyway any argument or defense that that AOL may have regarding any factual, procedural, or legal issue that is or may become pertinent to this litigation, including but not limited to whether either Doe 1 or Doe 2 is an appropriate plaintiff in this lawsuit, whether either Doe 1 or Doe 2 may represent any class or sub-class in this lawsuit, and whether it is

1. appropriate or permissible for any litigant to serve as a class representative without publicly identifying himself or herself;
   c. be used or offered as evidence in support of any of Plaintiffs' claims in this lawsuit; or
   d. be deemed or construed to restrict or impair in any way AOL's ability or entitlement to conduct and pursue informal and formal discovery (including but not limited to depositions of Doe 1 and Doe 2) in this litigation, or to limit in any way the scope of such discovery.

8. This Stipulation does not address, and is not intended to address, whether anyone other than Plaintiffs Doe 1 and Doe 2 may participate in any aspect of this litigation without publicly disclosing his or her true identity, or whether Plaintiffs Doe 1 and/or Doe 2 may be permitted to shield any aspect of their true identity from public scrutiny at any trial or other evidentiary proceeding that may occur in this litigation. Any such request for extending anonymity to such other person or to such other circumstances shall be determined *de novo* by the Court, in accordance with normally applicable standards for permitting a litigant to proceed without publicly identifying himself or herself.

Dated: December 20, 2006

BERMAN DEVALERIO PEASE TABACCO
 BURT & PUCILLO
Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
C. Oliver Burt, III
Manuel J. Dominguez
Marc J. Greenspon


By  /s/ Christopher T. Heffelfinger
 CHRISTOPHER T. HEFFELFINGER

LAW OFFICE OF RICHARD R. WIEBE
Richard R. Wiebe
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

| | |
|---|---|
| 1 | JAMES K. GREEN, P.A. |
| | James K. Green |
| 2 | 222 Lakeview Avenue, Suite 1650 |
| | West Palm Beach, FL 33401 |
| 3 | Telephone: (561) 659-2029 |
| | Facsimile: (561) 655-1357 |

*Attorneys for Plaintiffs*

**E-Filing Attestatation**

I, Christopher T. Heffelfinger, am the ECF User whose ID and password are being used to file this document. In compliance with General Order 45 X.B., I hereby attest that the signatory identified below has concurred in this filing.

Dated: December 20, 2006

WILMER CUTLER PICKERING
HALE AND DORR LLP
Patrick J. Carome
Samir C. Jain
Mark D. Flanagan
Nathan L. Walker


By: /s/ Patrick J. Carome
    PATRICK J. CAROME

WILMER CUTLER PICKERING
HALE AND DORR LLP
Mark D. Flanagan (No. 130303)
Nathan L. Walker (No. 206128)
1117 California Ave.
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
mark.flanagan@wilmerhale.com
nathan.walker@wilmerhale.com

*Attorneys for AOL LLC*

[C-06-5886 SBA] STIPULATION AND PROPOSED ORDER CONCERNING REQUEST OF PLAINTIFFS DOE 1 AND DOE 2 TO PROSECUTE CASE ANONYMOUSLY     6

# **ORDER**

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING THEREFOR,

**IT IS SO ORDERED.**

Dated: _____, 2006

_____
THE HONORABLE SAUNDRA BROWN ARMSTRONG
United States District Judge