PATRICK J. CAROME (admitted *pro hac vice*)
SAMIR C. JAIN (No. 181572)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-3642
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
patrick.carome@wilmerhale.com
samir.jain@wilmerhale.com

MARK D. FLANAGAN (No. 130303)
NATHAN L. WALKER (No. 206128)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1117 California Ave.
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
mark.flanagan@wilmerhale.com
nathan.walker@wilmerhale.com

*Attorneys for Defendant AOL LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOE 1, DOE 2, and KASADORE RAMKISSOON, on Behalf of Themselves and all other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>AOL LLC,<br><br>    Defendant. | CASE NO. C 06-5866 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT AOL LLC'S MOTION TO DIMISS FOR IMPROPER VENUE**<br><br>Date:  January 30, 2007<br>Time:  1 p.m.<br>Courtroom:  3<br>Judge:  Hon. Saundra Brown Armstrong |

The Court having considered Defendant AOL LLC's ("AOL's") Motion to Dismiss for Improper Venue and the entire record herein, and the Court having found that said motion is well grounded, the Court hereby GRANTS Defendant AOL LLC's motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs' commencement of this action in the United States District Court for the Northern District of California breached the forum

1  selection in the parties' written contract, which expressly requires that this controversy be
2  adjudicated in a court in Virginia. Under federal law, forum selection clauses are presumptively
3  valid and enforceable. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589-95 (1991); *M/S*
4  *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
5  858 F.2d 509, 514 (9th Cir. 1988). Nothing in the record suggests that Plaintiffs have shouldered
6  their "heavy burden" of establishing grounds for rejecting enforcement of the provision. *See*
7  *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1997).
8      As such, this Court finds the forum selection clause valid and concludes it must be enforced.
9  The Plaintiffs agreed the courts of Virginia have "exclusive jurisdiction" over any claims or disputes
10 with AOL, and venue in the Northern District of California is improper.
11     Plaintiffs' Complaint is hereby DISMISSED without prejudice to the refiling of their claims
12 in a state or federal court in Virginia.

15 IT IS SO ORDERED.
16 Dated: __2-2-_____, 200_7_

_____
THE HONORABLE SAUNDRA BROWN ARMSTRONG
United States District Judge