**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DOE 1, DOE 2, and KASADORE
RAMKISSOON, on behalf of
themselves and all others similarly
situated,
    *Plaintiffs-Appellants,*

v.

AOL LLC,
    *Defendant-Appellee.*

No. 07-15323

D.C. No.
CV-06-05866-SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted
December 6, 2007—San Francisco, California

Filed January 16, 2009

Before: Dorothy W. Nelson, Stephen Reinhardt, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge D.W. Nelson;
Concurrence by Judge Bea

## COUNSEL

Joseph J. Tabacco, Jr., Christopher T. Heffelfinger, Berman DeValerio Pease Tabacco Burt & Pucillo, San Francisco, California; C. Oliver Burt, III, Berman DeValerio Pease Tabacco Burt & Pucillo, West Palm Beach, Florida; Richard R. Wiebe, Law Office of Richard R. Wiebe, San Francisco, California; and James K. Green, James K. Green, P.A., West Palm Beach, Florida, for the plaintiffs-appellants.

Patrick J. Carome, Samir C. Jain, D. Hien Tran, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for the defendant-appellee.

## OPINION

PER CURIAM:

On July 31, 2006, AOL LLC (formerly America Online, Inc.) made publicly available the internet search records of more than 650,000 of its members. The records contained personal and sometimes embarrassing information about the members. Plaintiffs, members of AOL, brought an action in federal district court in California on behalf of themselves and a putative nationwide class of AOL members, alleging violations of federal electronic privacy law, 18 U.S.C. § 2702(a). A subclass of AOL members who are California residents also alleged various violations of California law, including the California Consumers Legal Remedies Act, California Civil Code § 1770.

Under the AOL Member Agreement, all plaintiffs agreed to a forum selection clause that designates the "courts of Virginia" as the fora for disputes between AOL and its members. The Member Agreement also contains a choice of law clause designating Virginia law to govern disputes.

AOL moved to dismiss the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), on the basis of the parties' forum selection clause. AOL contends the clause permits plaintiffs to refile their consumer class action in state *or* federal court in Virginia. Plaintiffs contend the forum selection clause limits them to Virginia state court, where a class action remedy would be unavailable to them; this, they contend, violates California public policy favoring consumer class actions and renders the forum selection clause unenforceable.

The district court granted AOL's motion and dismissed the action without prejudice to plaintiffs refiling it in a state or federal court in Virginia. We hold the district court erred when it interpreted the forum selection clause to permit actions in either state or federal court in Virginia; the plain language of the clause—courts "of" Virginia—demonstrates the parties chose Virginia state courts as the only fora for any disputes. We reverse and remand for further proceedings.

## I.

### A. The Complaint

Plaintiffs Kasadore Ramkissoon and Doe 1 and Doe 2,[1] members of AOL, filed a class action complaint in the District

---

[1] Plaintiffs and AOL filed a joint stipulation and proposed order to allow Doe 1 and Doe 2 to proceed anonymously, because of the sensitive nature of the personal information Doe 1 and Doe 2 claim AOL publicly disclosed about them. The district court granted the motion, which ruling is not at issue on appeal.

Court for the Northern District of California against AOL on behalf of themselves and a nationwide putative class of AOL members. The complaint alleges Ramkissoon currently is a resident of New York, while Doe 1 and Doe 2 currently are residents of California. The complaint does not state when Doe 1 and Doe 2 became residents of California, where they resided when they entered into the Member Agreement with AOL, or where they resided when they used AOL's services.

AOL provides its members with access to the Internet and a variety of related features, including search tools and security features. The complaint alleges that on July 31, 2006, "roughly twenty million AOL Internet search records were packaged into a database" and made publicly available for download for a period of approximately ten days. The data consisted of the records of which internet sites were visited by nearly 658,000 AOL members who conducted such visits from approximately March 2006 through May 2006. AOL does not contest this occurrence.

The complaint alleges the data contained the addresses, phone numbers, credit card numbers, social security numbers, passwords and other personal information of AOL members. Plaintiffs also allege the searches reveal members' "personal struggles with various highly personal issues, including sexuality, mental illness, recovery from alcoholism, and victimization from incest, physical abuse, domestic violence, adultery, and rape," by revealing their Internet searches for information on these issues. Although AOL admitted it made a "mistake" and took down the data, "mirror" websites appeared on the internet that reproduced the data. Some of these websites present the data in a searchable form and others "invite the public to openly criticize and pass judgment on AOL members based on their searches."

Plaintiffs' complaint alleges seven causes of action. Two of the causes of action—violation of the federal Electronic Com-

munications Privacy Act, 18 U.S.C. § 2702(a),[2] and unjust enrichment under federal common law—are brought on behalf of all plaintiffs and the putative nationwide class.

The other five causes of action are brought under California statutory and common law. Doe 1 and Doe 2 bring these claims on behalf of the putative sub-class of AOL members who are California residents. They allege AOL violated the following California statutes: (1) the California Consumers Legal Remedies Act (CLRA),[3] which prohibits unfair methods of competition and unfair or deceptive acts or practices resulting in the sale of goods or services; (2) the California Customer Records Act,[4] which requires businesses to destroy customers' records that are no longer to be maintained, and requires businesses to maintain security procedures to protect customers' personal information; (3) California False Advertising law;[5] and (4) California Unfair Competition law,[6] which prohibits unfair, unlawful, and fraudulent business practices. These California plaintiffs also allege AOL committed the tort of public disclosure of private facts under California common law.

## B. The Forum Selection and Choice of Law Clause

AOL's headquarters are located in Dulles, Virginia. All members of AOL's online service, including all plaintiffs and putative class members, must agree to the AOL Member Agreement as a prerequisite to register for AOL service. Each member must click on a box that states the member has

---

[2]18 U.S.C. § 2702(a) prohibits an entity that provides an electronic communications service or remote computing service from knowingly divulging, except in certain circumstances, the contents of an electronic communication or a record or other information about a subscriber.

[3]Cal. Civ. Code § 1770.

[4]Cal. Civ. Code § 1798.81.

[5]Cal. Bus. & Prof. Code § 17500 *et seq.*

[6]Cal. Bus. & Prof. Code § 17200 *et seq.*

agreed to the terms of the Member Agreement before he can complete his registration.

The Member Agreement contains a choice of law clause that designates Virginia law, excluding its conflict-of-law rules. It also contains a forum selection clause that designates the "courts of Virginia" as the fora for disputes between AOL and its members. The choice of law and forum selection clause of the Member Agreement in effect during the time period relevant to the complaint—January 1, 2004 through September 22, 2006—states in its entirety:

> The laws of the Commonwealth of Virginia, excluding its conflicts-of-law rules, govern this Member Agreement and your membership. You expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of the AOL Services resides in the courts of Virginia and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of Virginia in connection with any such dispute including any claim involving AOL or AOL Services. The foregoing provision may not apply to you depending on the laws of your jurisdiction. This Agreement shall not be governed by the United Nations Convention on Contracts for the International Sale of Goods.

## C. District Court Order

Based on the forum selection clause, AOL moved to dismiss the action for improper venue under Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)"), or, alternatively, to transfer venue to the District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).[7] The district

---

[7] 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

court granted AOL's Rule 12(b)(3) motion to dismiss and adopted AOL's proposed order in its entirety. The district court held the forum selection clause "expressly requires that this controversy be adjudicated in a court in Virginia" and that "[p]laintiffs agreed the courts of Virginia have 'exclusive jurisdiction' over any claims or disputes with AOL, and venue in the Northern District of California is improper." The order dismissed plaintiffs' complaint "without prejudice to the refiling of their claims in a state or federal court in Virginia."

## II.

We review a district court's order enforcing a contractual forum selection clause and dismissing a case for improper venue for abuse of discretion. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 323 (9th Cir. 1996). Where the interpretation of contractual language in a forum selection clause does not turn on the credibility of extrinsic evidence but on an application of the principles of contract interpretation, we review the district court's interpretation *de novo*. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered. *Argueta*, 87 F.3d at 324.

## III.

As a threshold matter, the parties dispute the meaning of the forum selection clause, specifically the phrase "exclusive jurisdiction . . . resides *in the courts of Virginia*." AOL claims the phrase "courts of Virginia" refers to state and federal courts in Virginia, while plaintiffs claim it refers to Virginia state courts only. We agree with plaintiffs' interpretation.

**[1]** We apply federal law to the interpretation of the forum selection clause. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858

F.2d 509, 513 (9th Cir. 1988). When we interpret a contract under federal law, we look for guidance "to general principles for interpreting contracts." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999).

**[2]** "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (internal citation omitted). We apply the "primary rule of interpretation . . . that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Hunt Wesson Foods, Inc.*, 817 F.2d at 77 (internal quotation marks and alteration omitted). We read a written contract as a whole, and interpret each part with reference to the whole. *Klamath Water Users Protective Ass'n,* 204 F.3d at 1210. That the parties dispute a contract's meaning does not render the contract ambiguous; a contract is ambiguous "if reasonable people could find its terms susceptible to more than one interpretation." *Id.*

**[3]** The district court, without discussion, interpreted the forum selection clause to refer to state *and* federal courts of Virginia. We determine the meaning of the phrase "courts of Virginia" *de novo*, *Hunt Wesson Foods, Inc.*, 817 F.2d at 77, and look first to its plain meaning. We have not previously addressed the meaning of a forum selection clause designating the courts "of," rather than "in," a state. We hold that the forum selection clause at issue here—designating the courts of Virginia—means the state courts of Virginia only; it does not also refer to federal courts in Virginia.

**[4]** The clause's use of the preposition "of"—rather than "in"—is determinative. Black's Law Dictionary defines "of" as a term "denoting that from which anything proceeds; indicating origin, source, descent, and the like . . . ."[8] *Black's Law*

---

[8]In contrast, the proposition "in" "express[es] relation of presence, existence, situation, inclusion, action, etc.; inclosed or surrounded by limits,

*Dictionary* 1080 (6th ed. 1990). Thus, courts "of" Virginia refers to courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia. Federal district courts, in contrast, proceed from, and find their origin in, the federal government.[9]

Our interpretation finds support among opinions by our sister circuits who have addressed the meaning of forum selection clauses designating the "courts of" a state—all of whom have interpreted such clauses to refer to the state courts of the designated state, and not also to the federal courts in the designated state. *See Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (interpreting "Courts of the State of Colorado" to mean Colorado state courts; the clause "refers to sovereignty rather than geography"); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (interpreting "Courts of Texas, U.S.A." to mean Texas state courts; "[f]ederal district courts may be *in* Texas, but they are not *of* Texas"); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984) (interpreting forum selection and choice of law clause stating the contract shall be interpreted according to "the law, and in the courts, of the Commonwealth of Massachusetts" to designate the state courts of Massachusetts; "the word 'of' as it appears in the phrase in question must have been intended to restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state.").

---

as in a room; also meaning for, in and about, on, within etc. . . . ." *Black's Law Dictionary* 758 (6th ed. 1990).

[9]Reading the forum selection and choice of law clause as a whole further supports this reasonable interpretation. *See Klamath Water Users Protective Ass'n*, 204 F.3d at 1210. The clause contains both a forum selection provision by which the parties agreed to the "courts of Virginia" as the fora for their disputes, *and* a choice of law provision by which the parties agreed to apply the "laws of the Commonwealth of Virginia." The *state* courts of Virginia are the ultimate determiners of the "laws of the Commonwealth of Virginia"; a federal court in Virginia merely follows Virginia law.

**[5]** Accordingly, we hold the plain meaning of the forum selection clause's designation of the "courts of Virginia" is the state courts of Virginia; it does not include federal district courts located in Virginia.[10]

### IV.

Having interpreted the AOL forum selection clause to designate Virginia state courts, we turn to the enforceability of the clause.

Plaintiffs contend the forum selection clause so construed is unenforceable as a matter of federal law, because it violates California public policy against waivers of class action remedies and rights under the California Consumers Legal Remedies Act. AOL, however, steadfastly has asserted the forum selection clause permits plaintiffs to maintain an action in federal court in Virginia, where plaintiffs could pursue their consumer class action remedies. AOL has raised no contention that the forum selection clause, construed to mean only Virginia state courts, nevertheless is enforceable and does not violate California public policy.

**[6]** We apply federal law to determine the enforceability of the forum selection clause. *Manetti-Farrow*, 858 F.2d at 513. A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a "heavy burden" to establish a ground upon which we will conclude the clause is unenforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). Under the directives of the Supreme Court in *Bremen*, we will determine a forum selection clause

---

[10]We find no ambiguity in the forum selection clause. Even if we did find the phrase ambiguous, we would interpret it in plaintiffs' favor. The parties produced no other evidence of their expressed intent. Accordingly, we would construe the contract against AOL as the drafter and adopt plaintiffs' reasonable interpretation of the phrase to mean the state courts of Virginia. *See InterPetrol Bermuda Ltd v. Kaiser Aluminum Int'l Corp.*, 719 F.2d 992, 998 (9th Cir. 1984).

is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute *or by judicial decision*." *Id.* at 15 (emphasis added).

California has declared "by judicial decision" the same AOL forum selection clause at issue here contravenes a strong public policy of California—as applied to California residents who brought claims under California statutory consumer law in California state court. In *America Online, Inc. v. Superior Court of Alameda County (Mendoza)*, 108 Cal. Rptr. 2d 699 (Cal. Ct. App. 2001), Mendoza, a California resident and member of AOL, brought a putative class action on behalf of AOL members in California state court, alleging violations of California state law, to wit: the California Consumers Legal Remedies Act, the California Unfair Business Practices Act, and common law conversion and fraud. *Mendoza*, 108 Cal. Rptr. 2d at 702.

AOL moved to dismiss Mendoza's action based on its forum selection clause designating the "courts of Virginia." *Id.* at 701-02. The state trial court denied AOL's motion, holding the forum selection clause was unenforceable because it "diminished" the rights of California consumers, and remedies available in Virginia were not "comparable" to those in California.[11] *Id.* at 703.

AOL filed a petition for writ of mandamus. The California Court of Appeal denied the writ, thereby leaving in place the trial court's denial of AOL's motion to dismiss. Relevant to the instant appeal, the California Court of Appeal held the

---

[11]The trial court also denied AOL's motion on the basis the forum selection clause was unconscionable under California law because the clause was not negotiated, was contained in a standard form contract, and "was in a format that was not readily identifiable by Mendoza." *Id.* at 703. The Court of Appeal did not reach the trial court's unconscionability ruling, because it affirmed on other grounds. *Id.* at 713 n.17.

AOL forum selection clause was unenforceable, because the clause violated California public policy on two grounds: (1) enforcement of the forum selection clause violated California public policy that strongly favors consumer class actions, because consumer class actions are not available in Virginia state courts, *id.* at 712;[12] and (2) enforcement of the forum selection clause violates the anti-waiver provision of the Consumer Legal Remedies Act (CLRA), *id.* at 710, which states "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751. The state Court of Appeal held the forum selection clause, together with the choice of law provision, effect a waiver of statutory remedies provided by the CLRA in violation of the anti-waiver provision, as well as California's "strong public policy" to "protect consumers against unfair and deceptive business practices."[13] *Mendoza*, 108 Cal. Rptr. 2d at 710.

**[7]** We agree with plaintiffs that *Mendoza* is the kind of declaration "by judicial decision" contemplated by *Bremen*. *Mendoza* found a California public policy against consumer

---

[12]The California Court of Appeal expressed "the importance class action consumer litigation has come to play" in California and noted California courts have "extolled" "the right to seek class action relief in consumer cases." *Mendoza*, 108 Cal. Rptr. 2d at 712. In Virginia state court, in contrast, class action relief for consumer claims is unavailable. *Id.*; Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure* § 3.11 (4th ed. 2003) (Virginia "does *not* have a statute or rule authorizing a 'class action' comparable to such proceedings under Rule 23 of the Federal Rules of Civil Procedure or the statutes and rules of most sister states.") (emphasis in original).

[13]The California Court of Appeal noted its conclusion on this point was "reinforced by a statutory comparison of California and Virginia consumer protection laws, which reveals Virginia's law provides significantly less consumer protection to its citizens than California law provides for our own." *Id.* at 710. Specifically, the court noted Virginia consumer protection law has a shorter statute of limitations, has a lower required minimum recovery amount, and does not provide the enhanced remedies for disabled and senior citizens which the CLRA provides. *Id.*

class action waivers and waivers of consumer rights under the CLRA that California public policy applies to California residents bringing class action claims under California consumer law. As to such California resident plaintiffs, *Mendoza* holds California public policy is violated by forcing such plaintiffs to waive their rights to a class action and remedies under California consumer law.

**[8]** Accordingly, the forum selection clause in the instant member agreement is unenforceable as to California resident plaintiffs bringing class action claims under California consumer law.[14]

**REVERSED and REMANDED.**[15]

---

D.W. Nelson, Senior Circuit Judge, and Reinhardt, Circuit Judge, concurring:

Plaintiffs Doe 1 and 2 have alleged sufficient facts to invoke California's public policy. California courts have made clear that they will "refuse to defer to the selected forum if to do so would substantially diminish the rights of California *residents* in a way that violates our state's public policy." *Mendoza*, 108 Cal. Rptr. 2d 699, 707 (Cal. 2001) (emphasis added). In this case, plaintiffs, who allege that they were California *residents* at the time of the filing of the complaint, are bringing claims under California's consumer protection statutes, while the defendant seeks to enforce the same AOL contract by relying on the exact contract provisions that

---

[14] The members of this panel, however, disagree as to whether the plaintiffs in the instant case have established the AOL forum selection clause is unenforceable as to them, or whether further development of the record is necessary on remand.

[15] Plaintiffs' requests for judicial notice of an AOL memorandum of law in an unrelated litigation and an AOL press release stating AOL will move its headquarters to New York are denied as moot.

*Mendoza* refused to apply. Nothing in California law suggests that a plaintiff must have been a resident for any period of time before invoking California's public policy. To the contrary, being a resident at the time the complaint is filed is sufficient. *See id.* at 708, 709 (evaluating the effect of the forum selection clause on the rights of "California residents").

As the per curiam opinion recognizes, California's Consumer Legal Remedies Act states that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751. California public policy is offended by *any* clause that would require the plaintiffs, being California *residents*, to pursue their claims in a forum that does not permit class actions. This is true regardless of whether plaintiffs' rights are waived directly by a forum selection clause or indirectly, as our colleague proposes, through conflicts of law analysis. As *Mendoza* made clear, "Enforcement of the contractual forum selection *and choice of law clauses* would be the functional equivalent of a contractual waiver of the consumer protections under the CLRA and, thus, is prohibited under California law." *Mendoza*, 108 Cal. Rptr. 2d at 702 (emphasis added). As a result, no further pleadings are necessary. Any purported waiver of the rights of a California consumer is unenforceable.

Our colleague has created a pleading requirement premised on a supposed distinction between California "consumers" and California "residents." However, *Mendoza* treats California consumers and California residents as interchangeable, making it clear that, at least for the purposes of the California Consumers Legal Remedies Act, no such distinction exists under California law. This is not surprising given that it is difficult, if not impossible, to reside somewhere without also consuming there. Every California resident is a California consumer. Moreover, the California courts have never applied a pleading requirement such as that proposed by our colleague. If California wishes to adopt such a requirement, its

courts are free to do so. However, as a federal court sitting in diversity jurisdiction, we apply, but do not create, state law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, we may not do so here.

We would add that we do not share our colleague's fear that there will be a rush by out-of-staters to establish California residency in order to file consumer class actions—that we face a new "Gold Rush." No such rush has occurred in the past despite the state's policy designed to protect California consumers' right to file class actions in cases of fraud or "unfair and deceptive business practices." *Mendoza*, 108 Cal. Rptr. 2d at 710.[1] The chain of horrors tactic is not a credible one as urged in this case. There are far better reasons to move to the Golden State than are conjured up here by our imaginative and creative colleague.

---

BEA, Circuit Judge, concurring:

I concur in the court's judgment reversing the district court's dismissal order and remanding for further proceedings. However, I would remand to allow the plaintiffs an opportunity to plead and prove facts to establish California law and public policy apply to their action and that, therefore, California public policy is violated by enforcement of the AOL contractual forum selection clause.

California has a public policy against the waiver of the class action procedural mechanism by California consumers, as well as the waiver of consumer rights under the California Consumer Legal Remedies Act (CLRA). But that public pol-

---

[1] Judge Bea's reliance on the example of Seymour Lazar is entirely out of place. Mr. Lazar was a Californian from childhood. *See* Rhonda L. Rundle, "Legal Setback: A Career in Courts Leads to Trouble For Seymour Lazar," Wall St. J., Jan. 19, 2006, at A1.

icy applies to *California consumers* bringing class action claims under *California consumer law*. It is not a foregone conclusion that the AOL forum selection clause (or, for that matter, the choice of law clause) is unenforceable as to plaintiffs. For the forum selection and the choice of law clauses to be unenforceable, plaintiffs must establish they are protected by California law and public policy.

As the California Supreme Court has explained, a consumer class action waiver violates California public policy if it is unconscionable because it operates as an exculpatory clause, exempting a defendant from liability—to the extent the obligation at issue is governed by California law. *See Discover Bank v. Superior Court*, 113 P.3d 1100, 1109 (Cal. 2005) ("Such one-sided, exculpatory contracts in a contract of adhesion, *at least to the extent they operate to insulate a party from liability that otherwise would be imposed under California law*, are generally unconscionable." (emphasis added)). Where, however, liability is not controlled by California law —for example because a valid choice of law provision or conflict of laws principles dictate the application of the laws of another state or country—California's public policy against consumer class action waivers is not implicated. *See id.*

Moreover, enforcement of the AOL forum selection and choice of law clause violates the CLRA statutory anti-waiver provision, California Civil Code § 1751, only if plaintiffs are California consumers who otherwise would be protected by California law. *See* Cal. Civ. Code § 1751 ("Any waiver by a *consumer* of the provisions of this title is contrary to public policy and shall be unenforceable and void."). If plaintiffs have no contacts with California and are not covered by the CLRA, they have no protection under the California law "which would otherwise govern"; hence, they have nothing to waive. *See Am. Online Inc. v. Mendoza*, 108 Cal. Rptr. 2d 699, 706, 708-09 (Cal. App. 1st Dist. 2001).

Based on the allegations in plaintiffs' complaint, however, it is not clear whether they are California consumers protected by California law.[1] Plaintiffs' complaint, as it currently stands, is devoid of factual allegations that would support a conclusion that California law would apply, notwithstanding the Virginia choice of law provision. Plaintiffs' complaint alleges Doe 1 and Doe 2 "currently"—as of the time they filed their complaint—are residents of California. It further alleges the "California subclass" of plaintiffs is comprised of "AOL members in the State of California." The complaint is silent as to the place of the contracting, the place where the contract was negotiated, the place where the contract was per-

---

[1]To determine whether California or Virginia law would apply, we would apply federal conflict of law rules, as set forth in the Restatement (Second) of Conflicts of Laws. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Under the Restatement, the parties' chosen law of Virginia will apply unless either (a) Virginia has no substantial relationship to the parties or transaction and there is no other reasonable basis for the parties' choice of law, or (b) application of Virginia law "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of [Restatement (Second) of Conflict of Laws] § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." Restatement (Second) of Conflict of Laws § 187 (1971). Plaintiffs do not claim Virginia has no substantial relation to the transaction; after all, Virginia is where AOL has its principal place of business. *See Discover Bank v. Superior Court*, 36 Cal. Rptr. 3d 456, 458-59 (2005) (holding Delaware had a substantial relation to transaction where defendant Discover Bank was domiciled in that state).

To determine whether California "has a materially greater interest" than Virginia and would be the state of the applicable law in the absence of an effective choice of law by the parties, § 188 directs us to take into account the following contacts to determine the applicable law: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Restatement (Second) of Conflict of Laws § 188 (1971). Here, plaintiffs' voluminous complaint is curiously silent as to any and all of the determinative contacts mentioned in the Restatement.

formed, the location of the subject matter of the contract, or the residency of the AOL members at the time of their injuries. *Cf. Klussman v. Cross Country Bank*, 36 Cal. Rptr. 3d 728, 740-41 (Cal. App. 1st. Dist. 2005) (noting that California had a materially greater interest than Delaware in the application of its own law where the consumer contracts were formed in California, the allegedly illegal conduct took place at the plaintiffs' homes in California, and the plaintiffs were residents of California at the time of injury). The sole relevant allegation is that, as of the time of filing the complaint, Doe 1 and Doe 2 were residents of California. That alone is simply insufficient to establish California law would govern plaintiffs' action. Even in the absence of a choice of law or forum selection clause, residency is but one factor to be considered in determining whether California law applies. "California, despite its interest in securing recovery for its residents, will not apply its law to conduct in other jurisdictions resulting in injury in those jurisdictions." *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1425 (9th Cir. 1989).

There is no "declar[ation] by statute or by judicial decision," *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972), that California public policy against consumer rights waivers could possibly be offended by enforcing a contractual class action waiver against a party whose sole connection to California is residency at the time he filed a consumer class action in a California court.[2] My colleagues' suggestion other-

---

[2]The majority cites *Mendoza* for the proposition that mere residency at the time of filing a complaint is sufficient to invoke California public policy. *Mendoza* neither said nor held any such thing. In *Mendoza*, there was no dispute whether the plaintiffs were California *consumers entitled to invoke the protection of California consumer law*, not merely California residents. See *Mendoza*, 108 Cal. Rptr. 2d at 706, 707, 708 (discussing "California consumers" and "this state's consumers"). What *Mendoza* did was use the phrase "California residents" twice. See *id.* at 708, 709. And in each case, the court explained California courts would not enforce contract provisions that would diminish the rights of California residents in a way that would violate California public policy. *Id.* at 708, 709. These

wise would permit a citizen of another state to move to California for the sole purpose of serving as a class representative and clothing himself with the protections of consumer-friendly California public policy. This would magnetize California courts to pull in out-of-state contracts, actions or omissions. I see nothing in California consumer-protection statutes or cases that would invite such a new Gold Rush.

I am admittedly not as sanguine as my colleagues as to the non-litigation attractions which bring class action plaintiffs to the Golden State. They mention, but do not describe, "far better reasons" for class action representative plaintiffs moving to California than simply to become class action plaintiffs. I am reminded of Mr. Lazar, of Palm Springs, California, recipient of Mel Weiss's kickbacks to become a class action representative plaintiff in several cases.[3] With thanks to my colleagues for their encomium, it doesn't really require one to be "imaginative and creative" to suspect the class representatives may not have become California residents for reasons other than class action litigation status and are not really California consumers entitled to California consumer protection.

My concurrence merely requires the plaintiff class representatives plead and prove they really are California *consumers* by stating facts which make California substantive law applicable to them, pursuant to the well-known rules of federal choice of law, set forth in the Restatement. This point

---

statements assume, but do not put, analyze, nor determine, the ultimate question: whether the forum selection and choice of law clauses violate California public policy.

The majority's logical syllogism—all California residents are California consumers—says nothing about whether the plaintiffs are California consumers of AOL products entitled to invoke the protection of California public policy in the instant litigation.

[3]*See* The Wall Street Journal Law Blog, http://blogs.wsj.com/law/?s=seymour+lazar (last visited August 20, 2008).

seems to be brushed away by the majority as an unnecessary technicality by a misreading of *Mendoza*.

Accordingly, I would remand for plaintiffs to be permitted to file an amended complaint to allege facts—if they can so allege—that would demonstrate contacts with California sufficient to establish their causes of action are controlled by California law.