UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOE 1, DOE 2, and KASADORE RAMKISSOON, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL LLC,<br><br>Defendant. | Case No: C 06-5866 SBA<br><br>**ORDER RE SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION TO IMPLEMENT NINTH CIRCUIT'S MANDATE**<br><br>[Docket 80] |

Plaintiffs bring the instant class action against Defendant, AOL LLC ("AOL"), alleging that it violated the Electronic Communications Privacy Act, 18 U.S.C. § 2702, among other claims. The Court previously dismissed the Complaint on the ground that the forum selection clause contained in AOL's member agreement required the case to be litigated in Virginia. On January 16, 2009, the Ninth Circuit reversed that ruling and remanded for further proceedings. The parties are presently before the Court on Defendant AOL's Motion to Implement the Ninth Circuit's Mandate (Docket 80). However, for the Court to make a fully informed decision on the motion, supplemental briefing is required.

I. **BACKGROUND**

AOL is an Internet Service Provider that allows its members to conduct Internet searches by entering keyword search queries. According to Plaintiffs, AOL, without the knowledge of its members, collected the search queries of over 650,000 of its members over the course of three months and thereafter assembled the data into a database. During a ten-day period in late July 2006, AOL published this database on the Internet, allegedly rendering members' private and personal information available to the general public. AOL acknowledges that such disclosure

occurred, but claims that the data was anonymous.  In addition, AOL asserts that it took immediate corrective action and that Plaintiffs did not suffer any injury.

On September 22, 2006, Kasadore Ramkissoon, a New York resident, along with unidentified California residents, Doe 1 and Doe 2, filed suit against AOL.  (Compl. ¶¶ 5-7.)  The Complaint asserts seven federal and state claim as follows:  (1) violation of the Electronic Communication Privacy Act; (2) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (3) violation of the California Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.*; (4) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (5) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (6) unjust enrichment; and (7) public disclosure of private facts.[1]  Claims two through five are brought under various California consumer protection statutes.  The sixth claim for unjust enrichment is a federal common law claim, while the seventh claim for public disclosure of private facts is a common law tort claim brought under California law.  (See Slip. Op. at 689.)

On November 20, 2006, AOL filed a motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer venue under 28 U.S.C. § 1406(a).  AOL's motion to dismiss was predicated on a forum selection clause contained in its member agreement designating "the courts of Virginia" as the proper fora for any membership-related disputes.  The Court concurred with AOL and ruled that the forum selection clause required the case to be litigated in a state *or* federal court in Virginia. The Court dismissed the Complaint without prejudice to refiling in such courts.

On January 16, 2009, the Ninth Circuit reversed.  There are two aspects to the Ninth Circuit's decision.  First, the court interpreted "courts of Virginia" to mean the *state* courts of Virginia, not its state *and* federal courts.  Slip Op. at 687.  Second, the Court addressed the issue of whether the forum selection clause was inconsistent with the California public policy against waivers of class action remedies and rights under California's consumer protection statutes.  Id. at 694.  Agreeing with Plaintiffs, the court held that "the forum selection clause in the instant member

---

[1] Ramkissoon is a named Plaintiff in the first claim under the Electronic Communications Privacy Act and sixth claim for unjust enrichment only.

agreement is "unenforceable as to *California resident plaintiffs* bringing class action claims under *California consumer law*."  Slip Op. at 697 (emphasis added).

In view of the Ninth Circuit's decision, AOL now moves to dismiss all claims brought by Plaintiff Ramkissoon based on the fact that he is not a California resident, and therefore, any claims brought by him (i.e, the first claim under the Electronic Communications Privacy Act and sixth claim for unjust enrichment) are subject to the forum selection clause.  In addition, AOL also seeks the dismissal of the claims for violation of the Electronic Communications Privacy Act, unjust enrichment and public disclosure of private facts based on the theory that they are not claims under "California consumer law."

## II.   DISCUSSION

### A.   STANDARD OF REVIEW

A district court, on remand, has a duty to follow the appellate court's instructions as to how the case is to proceed.  See Vizcaino v. U.S. Dist. Court for W. Dist. of Wash., 173 F.3d 713, 719 (9th Cir. 1999).  This Court "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."  United States v. Montgomery, 462 F.3d 1067, 1072 (9th Cir. 2006) (internal quotations and citation omitted).  "On remand, a trial court can only consider 'any issue not expressly or impliedly disposed of on appeal.'"  Vizcaino, 173 F.3d at 719; see also Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1404 (9th Cir. 1993) ("An order issued after remand may deviate from the mandate, however, if it is not counter to the spirit of the circuit court's decision.").

### B.   UNJUST ENRICHMENT AND PUBLIC DISCLOSURE OF PRIVATE FACTS

There is no dispute that neither the claims for unjust enrichment nor public disclosure of private facts is based on California consumer law.  Nonetheless, Plaintiffs argue that dismissal of these claims is inappropriate because the Ninth Circuit's reversal necessarily invalidated the forum selection clause in its entirety.  The Court disagrees.  In its opinion, the court framed the issue of enforceability around Plaintiffs' contention that the forum selection clause is unenforceable "because it violates California public policy against waivers of class action remedies and rights under the California Consumers Legal Remedies Act."  Slip Op. at 694.  The Ninth Circuit agreed

**1** with Plaintiffs, and held that "the forum selection clause in the instant member agreement is
**2** unenforceable as to California resident plaintiffs bringing class action claims under California
**3** consumer law." Id. at 697.
**4**     In reaching its decision, the court recognized, as a threshold matter, that forum selection
**5** clauses are presumptively valid and that the party seeking to avoid the clause bears a "heavy
**6** burden" of demonstrating its unenforceability. Id. at 694-95. The court explained that it would
**7** "determine a forum selection clause is unenforceable 'if enforcement would contravene a strong
**8** public policy of the forum in which suit is brought, whether declared by statute or *by judicial*
**9** *decision*.'" Id. at 695 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972))
**10** (emphasis in original). With regard to the specific AOL forum selection clause in dispute, the
**11** court observed that California courts have rendered such a "judicial decision" in America Online,
**12** Inc. v. Superior Court of Alameda County (Mendoza), 90 Cal. App. 4th 1 (2001) ("Mendoza").
**13**     Mendoza addressed the same forum selection clause at issue in this case. Like the Plaintiffs
**14** here, the plaintiff in Mendoza challenged the forum selection clause on the grounds that it violated
**15** California public policy by undermining important rights conferred by the State's consumer
**16** protection laws. The California Court of Appeal agreed and held that AOL's forum selection
**17** clause "violated California public policy on two grounds: (1) enforcement of the forum selection
**18** clause violated California public policy that strongly favors consumer class actions, because
**19** consumer class actions are not available in Virginia state courts,…and (2) enforcement of the
**20** forum selection clause violates the anti-waiver provision of the Consumer Legal Remedies Act[.]"
**21** Slip Op. at 696 (citing Mendoza, 90 Cal. App. 4th at 15). The Ninth Circuit interpreted Mendoza
**22** to hold that California public policy is violated by forcing "California resident plaintiffs…to waive
**23** their rights to a class action and remedies under California consumer law." Id. at 697. Following
**24** Mendoza's lead, the Ninth Circuit held in this case that "the forum selection clause in the instant
**25** member agreement is unenforceable as to California resident plaintiffs bringing class action claims
**26** under California consumer law." Id.
**27**     The Ninth Circuit's focused analysis makes it clear that the court did not intend, as
**28** Plaintiffs suggest, to completely invalidate AOL's forum selection clause. The sole basis for

1  reversing this Court's prior dismissal as to the issue of enforceability was its conclusion that the
2  clause could not be reconciled with California's strong public policy to protect "California resident
3  plaintiffs" by ensuring their right to bring "class action claims under California consumer law." Id.
4  at 697.  Notably, the court was well aware that only four of the seven claims alleged in the
5  Complaint were predicated on California consumer protection statutes.  Id. at 689.  Had the court
6  intended to invalidate the forum selection clause in toto, it clearly could have expressly stated as
7  such.  It did not.  Instead, the court held only that "the forum selection clause in the instant member
8  agreement is unenforceable *as to* California resident plaintiffs bringing class action claims under
9  California consumer law."  Id. at 697 (emphasis added).

10       To construe the Ninth Circuit's holding that the forum selection clause is unenforceable
11 even as to claims that are *not* based on California consumer protection statutes would require this
12 Court to ignore the express language of the Ninth Circuit's decision—which would be improper.
13 See Vizcaino, 173 F.3d at 719 (district courts "must implement both the letter and the spirit of the
14 mandate").  As a result, the Court concludes that Plaintiff's non-California consumer protection
15 claims for unjust enrichment and public disclosure of private facts are subject to the forum
16 selection clause and cannot be pursued in this Court.

17       **C.   ELECTRONIC COMMUNICATIONS PRIVACY ACT**

18       The above analysis also could be applied to Plaintiffs' first claim under the federal
19 Electronic Communications Privacy Act, which is not based on California consumer law.
20 However, that particular claim is fundamentally different because it is one over which the Court
21 has original jurisdiction under 28 U.S.C. § 1331.  "With rare exceptions…, where the district court
22 is presented with a case within its original jurisdiction, it has a 'virtually unflagging obligation' to
23 exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly
24 invoked by litigants."  Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006)
25 (citing in part Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817
26 (1976)).

27       At first blush, the principle articulated in Colorado River appears to be contrary to AOL's
28 interpretation of the Ninth Circuit mandate that Plaintiffs must litigate their *federal claim* in a *state*

*court*. Neither the Ninth Circuit's decision nor the party's respective briefs address this apparent tension. It may, in fact, turn out that there is no impediment to litigating the instant federal claim in a state court to the extent that there is concurrent jurisdiction. Nonetheless, given the lack of legal analysis presented by either party on this issue, the Court is not in a position, at this juncture, to make a determination as to whether it is appropriate to interpret the forum selection clause in a manner that requires the adjudication of a their sole federal claim in a state forum. To resolve this issue, the Court requires further briefing.

### III.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.  By no later than July 15, 2009, AOL shall submit a supplemental brief that addresses the issue of whether this Court may compel Plaintiffs to litigate their federal claim under the Electronic Communication Privacy Act in a state court. Among other things, AOL should address whether a state court has concurrent jurisdiction over a claim under Electronic Communication Privacy Act or whether jurisdiction over such claim is exclusively federal. AOL may, of course, address other germane issues as well.

2.  By no later than July 22, 2009, Plaintiffs shall file their response to AOL's supplemental brief.

3.  The supplemental briefs shall not exceed five (5) pages in length.

4.  The Court will hold AOL's Motion to Implement the Ninth Circuit's Mandate (Docket 82) in abeyance pending submission of the supplemental briefing. The Court will notify the parties if oral argument is necessary on the motion. Otherwise, the Court may take the matter under submission without argument, pursuant to Federal Rule of Civil Procedure 78(b).

IT IS SO ORDERED.

Dated: July 6, 2009

HON. SAUNDRA BROWN ARMSTRONG
United States District Judge