1   Joseph J. Tabacco, Jr. (No. 75484)
    Christopher T. Heffelfinger  (No. 118058)
2   BERMAN DeVALERIO
    425 California Street, Suite 2100
3   San Francisco, California 94104-2205
    Telephone: (415) 433-3200
4   Facsimile: (415) 433-6382

5   Manuel J. Dominguez (*Pro Hac Vice*)
6   C. Oliver Burt, III (*Pro Hac Vice*)
    BERMAN DEVALERIO
7   4280 Professional Center Drive, Suite 350
    Palm Beach Gardens, Florida  33410
8   Telephone: (561) 835-9400
    Facsimile: (561) 835-0322
9
10  *Attorneys for Plaintiffs*

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13
                          OAKLAND DIVISION
14

15  DOE 1, DOE 2 and KASADORE              )   Case No.: C 06-5866  SBA
16  RAMKISSOON, on behalf of themselves and )
    others similarly situated,             )
17                                         )
                    Plaintiffs,            )   **PLAINTIFFS' RESPONSE**
18                                         )   **TO DEFENDANT AOL LLC'S**
            v.                             )   **SUPPLEMENTAL MEMORANDUM**
19                                         )
    AOL LLC,                               )
20                                         )
                    Defendant.             )   Hon. Saundra Brown Armstrong
21                                         )
                                           )
22                                         )
                                           )
23

24

25

26

27

28

Pursuant to the Court's July 6, 2009 order (Doc. No. 103), Plaintiffs file this memorandum in response to Defendant AOL LLC's ("AOL") supplemental memorandum.

## INTRODUCTION

As an initial matter, the Ninth Circuit observed in this case that "AOL has raised <u>no contention</u> that the forum selection clause, construed to mean only Virginia state courts, nevertheless is enforceable and does not violate California public policy."  Slip Op. at 694 (emphasis supplied).  As such, it is now too late for AOL to attempt to justify state court litigation of Plaintiffs' claims, for after remand, courts "need not and do not consider a new contention that could have been but was not raised on the prior appeal."  *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (quoting *Munoz v. County of Imperial,* 667 F.2d 811, 817 (9th Cir.1982)).[1]

Moreover, sending Plaintiffs' federal claim to state court would contravene well-established federal law and policy.  AOL incorrectly conflates the question of concurrent jurisdiction with that of the propriety of relinquishing jurisdiction over federal claims filed in federal court.  To the contrary, in deciding whether to deny a party the federal forum rights Congress granted, even where jurisdiction is concurrent, "the presence of federal-law issues must always be a major consideration weighing against surrender [to state court]."  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).  As explained below, this Court, not Virginia state courts, should adjudicate Plaintiffs' federal rights.

## ARGUMENT

**I.      The Forum Clause Does Not Unequivocally Waive Federal Jurisdiction**

Enforcing AOL's clause purporting to require litigation in state court would force a waiver of Congressionally-conferred rights to litigate in federal court, which AOL's forum selection clause is too unclear to accomplish.  Unlike a forum selection clause merely specifying a particular federal district, enforcing a clause mandating state-court litigation of federal rights implicates

---

[1]      In *Cellular 101*, a debtor that previously argued for dismissal based on statutory grounds, was held to have waived the release defense it held back as "another arrow in [its] quiver," *Id.* at 1153, because "[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *Id.* at 1155.  Here, as there, the Ninth Circuit's reversal of dismissal "is the law of the case, and [AOL] may not now attack it on a ground that it had a fair opportunity to argue previously." *Id.*

jurisdiction considerations.  *See New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 505 (5th Cir. 2004) ("It is important to distinguish between jurisdiction and venue when interpreting such clauses.").  Because federal courts' "original jurisdiction is not discretionary", it can only be declined in very limited circumstances – where jurisdiction is <u>expressly</u> waived or where exceptional circumstances justify abstention.  *See Brockman v. Merabank*,  40 F.3d 1013, 1017 (9th Cir. 1994) (finding remand based on party's waiver of removal right was an abuse of discretion because "it did not waive its right to a federal forum" so "retention was mandatory[.]").

Thus, a forum selection clause cannot be invoked to deny a federal forum to litigate a federal right except where the clause leaves no doubt as to its effect.  *See, e.g., McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991) ("[M]any federal courts have refused to find a contractual waiver of removal rights absent a 'clear and unequivocal' expression of intent to waive those rights.") (listing cases); *Regis Assocs. v. Rank Hotels, Ltd*., 894 F.2d 193, 195 (6th Cir. 1990) ("[T]he case law makes it clear that such waiver must be clear and unequivocal."); *Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir.1989); *cf. United States v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117-18 (10th Cir. 1995) (refusing to enforce clause requiring Miller Act claim litigation in state court); *Buchner v. FDIC,* 981 F.2d 816, 820 (5th Cir.1993).  AOL's forum selection clause here is anything but "clear and unequivocal", as evidenced by this Court's acceptance in its January 2007 order that the forum selection clause permits federal court litigation of Plaintiffs' claims.[2]  In fact, even AOL, its drafter, has equivocated on this issue.  Thus because it does not expressly and unequivocally divest federal jurisdiction, the forum selection clause is insufficient to require Plaintiffs to give up their rights to a federal forum.

## II.   Subjecting Federal Claims to Virginia's Class Action Prohibition Would Offend Federal Policy

Virginia courts forbid class actions.  See Slip Op. at 687.  Federal policy forbids enforcing forum selection clauses that preclude class action pursuit of federal statutory rights.  Requiring Plaintiffs to litigate ECPA claims in Virginia state court would violate that policy.

---

[2]   The Ninth Circuit's finding that the term "courts of Virginia" was not ambiguous does not amount to finding of a "clear and unequivocal" waiver of federal jurisdiction.  *See Wallis v. Princess Cruises, Inc*., 306 F.3d 827, 838 (9th Cir. 2002) (explaining that a term was "opaque" despite being unambiguous and finding opaque waiver in adhesion contract unenforceable).

The Ninth Circuit has expressly held that provisions precluding class action remedies are contrary to federal policy.  *See Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1175   (9th Cir. 2003) ("The ability to pursue legal claims in a class proceeding has firm roots in both the federal and California legal systems."); *see also In re Am. Express Merchs. Litig.*, 554 F.3d 300, 304 & 312 (2d Cir. 2009) (noting Congress' and Supreme Court's affirmations of class actions' importance and denying enforcement of clause precluding class action enforcement of federal statutory rights based on federal policy).  For that reason, federal courts refuse to enforce even arbitration agreements – which are, "in effect, a specialized kind of forum-selection clause[,]" *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519 (1974), and for which Congress has expressed a policy preference – where they purport to prohibit class actions.  *See, e.g, AMEX*, 554 F.3d 300; *Ingle*, 328 F.3d at 1180 (holding federal policy embracing arbitration does not justify allowing use of forum clause as "an offensive weapon in one party's arsenal."); *Ting v. AT&T,* 319 F.3d 1126, 1130 (2003); *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087 (9th Cir. 2009); *ACORN v. Household Int'l, Inc.*, 211 F.Supp.2d 1160 (N.D. Cal. 2002); *Luna v. Household Fn. Corp. III*, 236 F.Supp.2d 1166, 1178 (W.D.Wash.2002).  As explained in *Kristian v. Comcast Corp.*, 446 F.3d 25, 60-61 (1st Cir. 2006) anti-class action provisions are anathema to federal policy for the same reasons that they are invalid under state law – due to the expense of litigation, prohibiting class actions allows wrongdoers to escape liability, "Plaintiffs will be unable to vindicate their statutory rights… [and] the social goals of federal and state [] laws will be frustrated."  *See also Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976 (9th Cir. 2007) (observing consistency of state policy precluding class action waivers with federal policy).[3]

Litigating in Virginia would preclude Plaintiffs from bringing a class action to vindicate their federal ECPA claims, and given the expense of litigating them individually, would

---

[3]   Under *Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998), forum selection clauses that obstruct enforcement of statutory rights are generally unenforceable. Contrary to AOL's misplaced reliance, enforcement of the clause in *Richards* was allowed only because it was an international agreement, and English law provided adequate protection and "reasonable recourse" which a court could ensure on review.  135 F.3d at 1295-96.  The agreement here is not international and is a form adhesion contract, not a commercial contract.  *Cf. Kam-Ko Bio-Pharm Trading Co., LTD-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 941-42 (9th Cir. 2009) (noting different standards in commercial context than in consumer context).

1    effectively preclude Plaintiffs and the class from enforcing their federal rights.  Thus, enforcing

2    the forum selection clause as to those claims would contravene federal policy.

3         **III.      This Court Should Construe ECPA and the U.S. Constitution**

4              This case involves novel issues under ECPA, a federal statute involving federal privacy

5    rights, which federal courts should lead the way in interpreting.  *Cf. Tafflin v. Levitt*, 493 U.S. 455,

6    465 (1990) (explaining that "federal court interpretations of the relevant federal…statute" should

7    guide state courts' adjudication of federal claims).  ECPA was enacted "to update and clarify

8    Federal privacy protections and standards in light of dramatic changes in new computer and

9    telecommunications technologies." S. Rep. No. 541, 99TH Cong., 2ND Sess., 1986 WL 31929 *1.

10   Its protections are rooted in privacy rights inherent in the United States Constitution.  *Id*.  In

11   addition, AOL has filed a motion for judgment on the pleadings asserting that ECPA violates the

12   U.S. Constitution.  *See* Doc. No. 100.  As observed in *Methpath, Inc. v. Myers*, 462 F. Supp. 1104,

13   1107 (N.D. Cal. 1978), this Court should not defer federal constitutional issues to a state court:

14              The contribution of federal courts to the development of constitutional law
              would be severely restricted by a doctrine that required deference to the
15              state courts each time a case was presented in which both the state and
              federal courts had the jurisdiction and duty to examine the constitutionality
16              of state legislation[.]

17   The constitutional issues here similarly counsel in favor of a federal venue.  *Cf.  Colorado River*

18   *Water Conservation Distr. v. United States*, 424 U.S. 800, 814 (1983) (noting, in mirror image

19   context, that presence of state constitutional issues supports deference to state court adjudication).

20              That consideration holds even more sway here because this Court will need to decide

21   whether AOL violated ECPA in determining its liability under Cal. Bus. & Prof. Code § 17200.

22   *See* Complaint ¶ 68.  Thus, litigation of the merits of the ECPA violation must proceed in this

23   Court whether or not the ECPA claim itself is dismissed.

24              Concurrent litigation of the ECPA claim in state court would not only be inefficient but

25   would also be inconsistent with wise judicial administration:

26              [S]ince a judgment by either court would ordinarily be res judicata in the
              other, the existence of such concurrent proceedings creates the serious
27              potential for spawning an unseemly and destructive race to see which forum
              can resolve the same issues first-a race… prejudicial, to say the least, to the
28              possibility of reasoned decisionmaking by either forum.

*Arizona v.  San Carlos Apache Tribe*, 463 U.S. 545, 567-68 (1983).

Due to the common factual predicate of all of Plaintiffs' claims, the same factors militating in favor of deference to the state forum in *Colorado River* counsel consolidated litigation in federal court here.  The Court's analysis there was premised on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" including "avoiding piecemeal litigation."  424 U.S. at 817-818.  Severing Plaintiffs' claims for duplicative adjudication of the same facts in two forums would necessarily result in piecemeal litigation and inefficiency.  In such circumstances, courts have refused to split a case between state and federal court, even where a forum selection clause appears to require it.  *See, e.g., R.K. Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F.Supp.2d 1204 (S.D. Iowa 2003). Similarly, the Ninth Circuit has encouraged district courts to retain jurisdiction even over pure state law claims where "retention of the state claim is justified by judicial economy, convenience and fairness to the litigants" including, as here, where concurrent litigation would require duplicative litigation of similar factual issues.  *See In re Nucorp Energy Secs. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985).  This reasoning applies with particular force here, where a state court would be adjudicating the very same federal ECPA violations as the federal court.

## CONCLUSION

For these reasons, this Court should retain jurisdiction over Plaintiffs' ECPA claims.

DATED:  July 22, 2009                                  Respectfully submitted,

**BERMAN DEVALERIO**

By:  _/s/  Manuel J. Dominguez_____
         Manuel J. Dominguez
         C. Oliver Burt, III
         Daniel A. Bushell
         4280 Professional Center Drive, Suite 350
         Palm Beach Gardens, Florida 33410
         Telephone:   (561) 835-9400
         Facsimile:    (561) 835-0322
         E-Mail: mdominguez@bermandevalerio.com
                     oburt@bermandevalerio.com
                     dbushell@bermandevalerio.com

Christopher T. Heffelfinger
Joseph J. Tabacco, Jr.
425 California Street, Suite 2100
San Francisco, California 94104
Telephone:          (415) 433-3200
Facsimile:   (415) 433-6382
E-Mail:  jtabacco@bermandevalerio.com
                 cheffelfinger@bermandevalerio.com

**LAW OFFICE OF RICHARD R. WIEBE**
Richard R. Wiebe (121156)
425 California Street, Suite 2025
San Francisco, California 94104
Telephone:   (415) 433-3200
Facsimile:   (415) 433-6382
E-Mail:  wiebe@pacbell.net

**JAMES K. GREEN, P.A.**
James K. Green
222 Lakeview Avenue, Suite 1650
West Palm Beach, Florida  33401
Telephone:   (561) 659-2029
Facsimile:   (561) 655-1357
E-Mail:  jameskgreen@bellsouth.net

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I, Manuel J. Dominguez, hereby certify that on this 22nd day of July 2009, I caused a true and correct copy of the following documents:

Plaintiffs' Response to Defendant AOL LLC's Supplemental Memorandum

to be served on the following counsel of record:

By electronic mail via the Electronic Case Filing System:

David S. Flugman
Adam L. Fotiades
Andrew G. Horne
Joseph Serino, Jr.
**KIRKLAND & ELLIS**
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dflugman@kirkland.com
afotiades@kirkland.com
ahorne@kirkland.com
jserino@kirkland.com

Elizabeth L. Deeley
**KIRKLAND & ELLIS**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
edeeley@kirkland.com

Patrick J. Carome
Samir C. Jain
Alicia M. Hunt
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-3642
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
patrick.carome@wilmerhale.com
samir.jain@wilmerhale.com

Mark D. Flanagan
Nathan L. Walker
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
1117 California Ave.
Palo Alto, CA 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
mark.flanagan@wilmerhale.com
nathan.walker@wilmerhale.com

Dated:      July 22, 2009

Respectfully submitted,

**BERMAN DEVALERIO**

By:  _/s/ *Manuel J. Dominguez*___
      Manuel J. Dominguez
      4280 Professional Center Drive, Suite 350
      Palm Beach Gardens, Florida 33410
      Telephone:   (561) 835-9400
      Facsimile:    (561) 835-0322
      E-Mail: mdominguez@bermandevalerio.com

[C-06-5866 SBA] CERTIFICATE OF SERVICE