UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOE 1, DOE 2, and KASADORE RAMKISSOON, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>              Plaintiffs,<br><br>       vs.<br><br>AOL LLC,<br><br>              Defendant. | Case No:  C 06-5866 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO IMPLEMENT THE NINTH CIRCUIT'S MANDATE**<br><br>Docket 80 |

Plaintiffs, Kasadore Ramkissoon ("Ramkissoon"), Doe 1 and Doe 2 (collectively "Plaintiffs"), bring the instant class action alleging that Defendant, AOL LLC ("AOL"), violated the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2702, and various California consumer protection laws when it made the internet search records of more than 650,000 AOL members available to the public.  On February 12, 2007, the Court dismissed the Complaint based on the forum selection clause contained in AOL's member agreement, which requires members to litigate any disputes with AOL in the state or federal courts of Virginia.  Plaintiffs appealed, and on January 16, 2009, the Ninth Circuit reversed the Court's ruling and remanded for further proceedings.  <u>Doe 1 v. AOL LLC</u>, 552 F.3d 1077 (9th Cir. 2009).  Specifically, the court held that "the forum selection clause in the AOL member agreement is "unenforceable as to *California resident plaintiffs* bringing class action claims under *California consumer law*." <u>Id.</u> at 1084 (emphasis added).

The parties are presently before the Court on Defendant AOL's Motion to Implement the Ninth Circuit's Mandate (Docket 80).  The crux of Defendant's motion is that all claims *other than* class action claims based on California consumer protection laws are subject to the forum selection clause, and therefore, must be dismissed.  Having read and considered the papers submitted, including the four supplemental briefs submitted by the parties, the Court hereby GRANTS AOL's motion for the reasons set forth below.[1]

I.      **BACKGROUND**

   A.      FACTUAL AND PROCEDURAL SUMMARY

   AOL is an Internet Service Provider that allows its members to conduct Internet searches by entering keyword search queries.  According to Plaintiffs, AOL collected, over the course of a three-month period, the search queries of over 650,000 of its members without their knowledge, and assembled the data into a database.  In late July 2006, AOL published this database on the Internet, allegedly rendering members' private and personal information available to the general public for ten days.  AOL acknowledges that such a disclosure occurred, but claims that the data was anonymous.  In addition, AOL asserts that it took immediate corrective action and that Plaintiffs did not suffer any injury as a result of the disclosure.

   On September 22, 2006, Plaintiff Ramkissoon, a New York resident, along with two California residents, identified only as Doe 1 and Doe 2, filed suit against AOL in this Court.  See Compl. ¶¶ 5-7.  The Complaint alleges the seven claims for:  (1) violation of the ECPA (Count I); (2) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. (Count II); (3) violation of the California Customer Records Act, Cal. Civ. Code § 1798.80, et seq. (Count III); (4) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq. (Count IV); (5) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (Count V); (6) unjust enrichment (Count VI); and (7) public disclosure of private facts (Count VII).   Ramkissoon, Doe 1 and Doe 2 are named as

---

[1] The Court resolves the instant motion without oral argument.  Fed.R.Civ.P. 78(b).

Plaintiffs in the first claim under the ECPA and in the sixth claim for unjust enrichment, both of which are based on federal law.  Only Doe 1 and Doe 2 are named as plaintiffs in claims two through five, which alleged violations of various California consumer protection statutes, and the seventh claim for public disclosure of private facts, which is based on California common law.

### B.      RULINGS ON THE FORUM SELECTION CLAUSE

On November 20, 2006, AOL filed a motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer venue under 28 U.S.C. § 1406(a).  AOL predicated its motion on a forum selection clause contained in its member agreement which designates "the courts of Virginia" as the proper fora for any membership-related disputes.[2]  The Court ruled in favor of AOL and found that the forum selection clause required the case to be litigated either in a state *or* federal court in Virginia.  The Court dismissed the Complaint without prejudice to Plaintiffs' refiling their claims in a Virginia court.  Plaintiffs appealed the Court's ruling.

On January 16, 2009, the Ninth Circuit reversed.  First, agreeing with Plaintiffs, the appellate court interpreted "courts of Virginia" to mean the *state* courts of Virginia, not both its state *and* federal courts.  Doe 1, 552 F.3d at 1082.  Second, the Court addressed the issue of whether the forum selection clause was enforceable and, in particular, whether the clause was inconsistent with the California public policy against waivers of class action remedies and rights under California's consumer protection statutes.   Id. at 1083-85.  The court *partially* invalidated the clause, holding that "the forum selection clause in the AOL member agreement is "unenforceable *as to California resident plaintiffs* bringing class action claims under *California consumer law*."  Id.  at 1084 (emphasis added).

---

[2] The member agreement states, in relevant part:  "You expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of the AOL Services resides in the courts of Virginia, and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of Virginia in connection with any such dispute including any claim involving AOL or AOL Services."  Doe 1, 552 F.3d at 1080.

## C.    AOL's MOTION TO IMPLEMENT THE NINTH CIRCUIT'S MANDATE

In view of the Ninth Circuit's decision, AOL filed a motion to enforce the Ninth Circuit's mandate.  Specifically, AOL seeks the dismissal of:  (1) all claims brought by Plaintiff Ramkissoon on the ground that he is *not* a California resident and is *not* asserting any California consumer protection claims, and therefore, the two claims in which he is party-plaintiff (i.e., violation of the ECPA and unjust enrichment) are subject to the forum selection clause; and (2) any claims that are *not* based on California consumer law, i.e., the three claims for violation of the ECPA, unjust enrichment and public disclosure of private facts.

On July 6, 2009, the Court issued an order on AOL's motion in which it resolved, to the extent possible, the issues presented therein.  See Docket 103.  As a threshold matter, the Court rejected Plaintiffs' contention that the Ninth Circuit's ruling deemed the forum selection clause was unenforceable in its entirety.  Though Plaintiff had pressed that contention on appeal, the Ninth Circuit, in fact, held that the forum selection clause was unenforceable only as to "California resident plaintiffs bringing class action claims under California consumer law." Id. at 5 (citing Doe 1, 552 F.3d at 1084).  As such, the Court concluded that "Plaintiff's non-California consumer protection claims for unjust enrichment and public disclosure of private facts are subject to the forum selection clause and cannot be pursued in this Court." Id.

With regard to the ECPA, the Court noted that like the claims for unjust enrichment and public disclosure of private facts, such statute was not a California consumer protection claim, and hence, was arguably subject to the forum selection clause.  However, given the Ninth Circuit's conclusion that "courts of Virginia" is limited to the *state* courts of Virginia, not its state *and* federal courts, this Court expressed concern whether a federal statutory claim, such as the ECPA, could be subject to a forum selection clause that would require resolution of such claim in state court.  Accordingly, the Court ordered the parties to submit further briefing addressing the issue of "whether this Court may compel Plaintiffs to litigate their federal claim under the Electronic Communication Privacy Act in a state court," and to include a discussion of "whether a state court has concurrent jurisdiction over a claim under the Electronic Communication Privacy Act or whether jurisdiction over such claim is exclusively federal."

Id. at 6.  The final supplemental brief was submitted by Plaintiffs on November 19, 2009.  The Court now turns to this remaining issue.

## II.  LEGAL STANDARD

District courts must carry out the terms of a mandate, and may not "'vary it or examine it for any other purpose than execution.'"  United States v. Cote, 51 F.3d 178, 181 (9th Cir.1995) (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895)).  "In the Ninth Circuit, when a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court."  Connolly v. Pension Benefit Guaranty Corp., 673 F.2d 1110, 1112 (9th Cir. 1982) (citations, internal quotations and brackets omitted).  The mandate of the appellate court "forecloses the lower court from reconsidering matters determined in the appellate court, [but] leaves to the district court any issue not expressly or impliedly disposed of on appeal[.]"  Nguyen v. United States, 792 F .2d 1500, 1502 (9th Cir. 1986).   In order to determine the precise scope of the mandate, the full opinion issued by the appellate court "may be consulted to ascertain what was intended by its mandate."  Sanford Fork & Tool, 160 U.S. at 256; see also Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1404 (9th Cir. 1993).

## III.  DISCUSSION

### A.  EXCLUSIVE VS. CONCURRENT JURISDICTION

The threshold question presented is whether jurisdiction over a claim under the ECPA is concurrent such that a state court may adjudicate such a claim.  Congress enacted the ECPA in 1986 "to afford privacy protection to electronic communications."  Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 874 (9th Cir. 2002).  The ECPA is divided into two parts:  Title I, which amended the Wiretap Act, 18 U.S.C. §§ 2510-2522; and Title II, commonly known as the Stored Communications Act, 18 U.S.C. §§ 2701-2711.  Title I expanded the scope of the Wiretap Act, which previously addressed only wire and oral communications, to include electronic communications.  See Konop, 302 F.3d at 874.  Title II is intended to address access to stored wire and electronic communications and transactional records.  Id.  Here, Plaintiffs

1  allege that AOL's release of information violated Title II of the ECPA, 28 U.S.C. § 2702(a).

2  See Compl. ¶ 49.

3        To determine whether the forum selection clause applies to Plaintiffs' ECPA claim, the

4  Court must first ascertain whether federal courts have *exclusive* jurisdiction over such claims or

5  whether jurisdiction is shared *concurrently* with state courts.  Generally, it is presumed that

6  state courts share jurisdiction with respect claims predicated on federal law.  See DeHorney v.

7  Bank of Am. Nat'l Trust and Sav. Ass'n, 879 F.2d 459, 463 (9th Cir. 1989) (citations omitted).

8  The Supreme Court has stated explicitly that this presumption is "strong."  Haywood v. Drown,

9  --- U.S. ---, 129 S.Ct. 2108, 2114 (2009).  "So strong is the presumption of concurrency that it

10 is defeated only in two narrowly defined circumstances: *first*, when Congress expressly ousts

11 state courts of jurisdiction…; and *second*, '[w]hen a state court refuses jurisdiction because of a

12 neutral state rule regarding the administration of the courts[.]'"  Id. (citations omitted, emphasis

13 added).[3]

14       Though neither party cites nor discusses the Haywood standard, the Court is persuaded,

15 based on the arguments presented, as well as its review of the record, that state courts possess

16 concurrent jurisdiction over and may thus consider claims brought under the ECPA.  The

17 provision of Title II at issue prohibits "a provider of a remote computing service or electronic

18 communication service to the public shall not knowingly divulge a record or other information

19 pertaining to a subscriber to or customer of such service . . . to any governmental entity."  18

20 U.S.C. § 2702(a)(3).  The statute authorizes the imposition of damages for violations of its

21 provisions.  See 18 U.S.C. § 2707(c).  There is nothing in these provisions—nor have Plaintiffs

22 _____

23       [3] The second exception cited in Haywood, i.e., when a state court refuses jurisdiction of
a federal claim based on "neutral state rule regarding the administration of the courts," is
premised on the notion that individual states "retain substantial leeway to establish the contours
24 of their judicial systems," provided that such rules or law do not "nullify a federal right or
cause of action they believe is inconsistent with their local policies."  Id. at 2114.  Thus, for
25 example, the Court in Haywood invalidated a New York law which divested state courts of
*general* jurisdiction over suits involving the conduct of state correctional officers, including
26 those brought under 42 U.S.C. § 1983, and replaced such claims with state law claims that
could be brought only in the New York Court of Claims, a court of *limited* jurisdiction court.
27 The Court reasoned that "having made the decision to create courts of general jurisdiction that
regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse door
28 to federal claims that it considers at odds with its local policy."  Id. at 2117.

1  cited to any—that evinces an express intent on the part of Congress to limit adjudication of

2  Title II claims to federal court.  See Haywood, 129 S.Ct. at 2114.  Nor is there any indication

3  that any state court has refused jurisdiction because of a neutral state rule regarding

4  administration of the courts.  See id.  Moreover, a number of state courts have, in published

5  decisions, addressed claims under the ECPA, which further supports the conclusion that state

6  courts enjoy concurrent jurisdiction under the Act.  See O'Grady v. Superior Court, 139 Cal.

7  App. 4th 1423, 1440-42 (2006) (interpreting provisions of the Stored Communications Act

8  under the ECPA); In re CI Host, Inc., 92 S.W.3d 514 516-517 (Tex. 2002); Hudson v.

9  Goldman, Sachs & Co., Inc., 725 N.Y.S.2d 318, 320 (N.Y. App. Div. 2001).  The Court

10 therefore finds that state courts possess concurrent jurisdiction over claims brought under

11 ECPA.

12       **B.   WAIVER OF FEDERAL FORUM**

13       Plaintiffs argue that even if state court jurisdiction over ECPA claims were concurrent,

14 the forum selection clause should be deemed unenforceable because it does not

15 "unequivocally" waive Plaintiffs' right to litigate in federal court.  See Pls.' Supp. Mem. at 1-2.

16 The Court disagrees.  The clause at issue provides that the "exclusive jurisdiction for *any*

17 claims or disputes . . . resides in the courts of Virginia."  Doe 1, 552 F.3d at 1080 (emphasis

18 added).  The plain meaning of "*any* claims or disputes" is sufficiently broad to encompass

19 claims based on both state and/or federal law.  Though Plaintiffs argued on appeal that the

20 clause should be invalidated in its entirety, the Ninth Circuit instead held that "the forum

21 selection clause . . . is unenforceable *as to* California resident plaintiffs bringing class action

22 claims under California consumer law."  Doe 1, 552 F.3d at 1084 (emphasis added).

23       The cases cited by Plaintiffs are inapposite.  See Pls.' Supp. Mem. at 3.  Both

24 McDermott  Int'l , Inc. v. Lloyd's Underwriter of London, 944 F.2d 1199, 1212 (5th Cir. 1991)

25 and Regis Assocs. v. Rank Hotels (Mgt.) Ltd., 894 F.2d 193, 195 (6th Cir. 1990), involved

26 waivers of a party's statutory right to remove an action to federal court.  In contrast, application

27 of AOL's forum selection clause does not implicate the waiver of statutory right of removal.

28 And while Plaintiffs have a right to allege a federal claim, they have cited no authority to

1   support their contention that they have a right to adjudicate their claims in federal court where

2   the claim at issue is one over which the state courts have concurrent jurisdiction.  In sum, the

3   Court finds no merit to Plaintiffs' assertion that the forum selection clause cannot be applied to

4   claims arising under federal law.

5       **C.    CLASS ACTION WAIVER**

6       Next, Plaintiffs contend that the forum selection clause is unenforceable because it

7   contravenes an alleged federal policy against class action waivers.  Because Virginia does not

8   authorize class actions, Plaintiffs assert that an order compelling them to litigate their ECPA

9   claim in that forum will deprive them of the ability to pursue such claim on a classwide basis.

10  See Pls.' Supp. Mem. at 2-3; Pl.'s Surreply at 1-4.  As support, Plaintiffs cite Ingle v. Circuit

11  City Stores, 328 F.3d 1165 (9th Cir. 2003), which held that an arbitration agreement that

12  expressly prohibited classwide arbitration was unconscionable.  In reaching its decision, the

13  court observed that "[t]he ability to pursue legal claims in a class proceeding has firm roots in

14  both the federal and California legal systems."  Id. at 1175.  Seizing upon that observation,

15  Plaintiffs argue that the Ninth Circuit has recognized a federal policy favoring class actions.

16  Id. (citing Ingle, 328 F.3d at 1175).  Plaintiffs are mixing apples with oranges.  The observation

17  that class actions have "firm roots" in both state and federal legal systems does not necessarily

18  support the conclusion that there exists a "federal policy" favoring class actions.  Rather, the

19  Ingle court simply recognized that a provision in an arbitration agreement imposing an across-

20  the-board bar on class actions was inconsistent with longstanding jurisprudence recognizing the

21  right to proceed on such a basis.[4]

22      Plaintiffs' contention also ignores that the Ninth Circuit's decision in this case

23  forecloses their contention that the AOL forum selection clause is unenforceable specifically as

24  ─────────────

25  [4] Plaintiffs' citation to Jackson v. Rent-a-Center West, Inc., 581 F.3d 912 (9th Cir.
    2009) fares no better.  In Jackson, the court addressed the issue of whether the court as opposed
    to the arbitrator is vested with the authority to whether an arbitration agreement

26  unconscionable, and hence, unenforceable.  The court held that "where a party specifically
    challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration

27  provisions are unconscionable is an issue for the court to determine, applying the relevant state
    contract law principles."  Id. at 919.  Jackson did not address the question of whether there is a

28  "federal policy [that] precludes enforcement of class action waivers . . . ."  Pl.'s Surreply at 2.

1   to their claim under the ECPA.  On appeal, Plaintiffs argued, inter alia, that "courts of

2   Virginia" refers only to state courts, and therefore, enforcement of the forum selection clause

3   would be unconscionable since Virginia state courts do not recognize class actions.[5]   The

4   Ninth Circuit partially agreed with Plaintiffs' contention that the forum selection clause

5   requires the litigation to proceed in Virginia state court.  However, the court stopped short of

6   finding the clause unenforceable in its entirety—as Plaintiffs had argued.  Rather, the court

7   invalidated the clause only "as to California resident plaintiffs bringing class actions claims

8   under California law."  Id. at 1084.  Notably, the court reached this conclusion notwithstanding

9   its awareness that Plaintiffs had alleged a federal claim under the ECPA *and* that "[i]n Virginia

10   state court . . . class action relief for consumer claims is *unavailable*."  Doe 1, 552 F.3d at 1083

11   n.12 (emphasis added).  If, as Plaintiffs contend, there exists a federal policy against class

12   action waivers, the Ninth Circuit could have invalidated the forum selection clause in its

13   entirety.  It chose not to do so.

14        As an ancillary matter, Plaintiffs argue that since the Ninth Circuit did not expressly

15   hold that the forum selection clause was enforceable as to the ECPA and other non-California

16   consumer law claims, that issue remains open for determination by this Court.  See Pls.'

17   Surreply at 2-3.  However, "[o]n remand, a trial court can only consider 'any issue not

18   expressly or impliedly disposed of on appeal.'"  Vizcaino v. United States Dist. Court for W.

19   Dist. of Wash., 173 F.3d 713, 719 (9th Cir. 1999).  Here, implicit in the Ninth Circuit's holding

20   that the forum selection clause is unenforceable "as to California resident plaintiffs bringing

21   class action claims under California law," Doe, 552 F.3d at 1084, is the determination that the

22   clause *is* enforceable as to Plaintiffs' remaining claims.  To conclude otherwise would result in

23   this Court's effectively reconsidering issues that the parties previously presented on appeal,

24   which would be improper and contrary to the Ninth Circuit's mandate.  See United States  v.

25   Davis, 714 F.2d 896, 901 (9th Cir. 1983) ("In going beyond that task to contradict our implicit

26   holding the district court exceeded this court's mandate.").

27   _____

28        [5] Pursuant to Federal Rule of Evidence 201(c), the Court takes judicial notice of the
opening brief filed by Plaintiffs on appeal.  See 2007 WL 2426288.

Ironically, Plaintiffs' professed inability to press their ECPA claims on a class basis (in Virginia state court) is a direct result of their decision to argue on appeal that the AOL forum selection clause required litigants to pursue their claims in Virginia state courts, as opposed to state and federal courts.  But for the Ninth Circuit's concurrence with Plaintiffs' position, Plaintiffs could have pursued their ECPA claims on a class basis in a federal court action in Virginia.  Having made a strategic decision to press for a limited interpretation of "courts of Virginia," Plaintiffs cannot now complain that litigating their ECPA claims in Virginia will result in the loss of their ability to pursue their claims on a class basis.

**D.    NOVELTY AND EFFICIENCY CONCERNS**

Plaintiffs next assert that the Court should allow them to pursue their ECPA claims on a class action basis *in this Court*, notwithstanding the forum selection clause.  They insist that because of the unspecified "novel" issues involved, this Court should "lead the way" in interpreting a federal statute, such as the ECPA.  See Pl.'s Mem. at 4.  The novelty of a federal issue does not necessarily mean that the law favors its resolution by a federal court.  C.f., Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 817 (1986) ("We do not believe the question whether a particular claim arises under federal law depends on the novelty of the federal issue."); Nicodemus v. Union Pacific Corp., 318 F.3d 1231, 1237 n.9 (10th Cir. 2003) (rejecting argument that federal courts are "better equipped" to resolve complex federal issues).  Indeed, had Congress believed that to be the case, it could have conferred exclusive jurisdiction over ECPA claims to the federal courts.  The fact that Congress chose not to do so undermines Plaintiffs' contention that a federal court, as opposed to a state, is better suited to resolve their claims under the ECPA.

Finally, Plaintiffs contend that it would be inefficient for this Court to retain the California consumer-based causes of action, i.e., Cal.Bus.& Prof. Code § 17200, while applying the forum selection clause to the ECPA claim because both share a common factual predicate.  (Pl.'s Mem. at 5.)  Assuming arguendo that Plaintiffs' efficiency concerns are valid, the Court cannot simply ignore the forum selection clause, which the Ninth Circuit upheld *except* as to claims brought by California resident plaintiffs who are bringing class action

1   claims under California law.  As such, Plaintiffs' efficiency concerns must give way to the

2   Ninth Circuit's mandate.  See United States v. Montgomery, 462 F.3d 1067, 1072 (9th Cir.

3   2006) (district courts "must implement both the letter and the spirit of the mandate, taking into

4   account the appellate court's opinion and the circumstances it embraces.") (internal quotations

5   and citation omitted).[6]

6           E.      PLAINTIFF RAMKISSOON'S CLAIMS

7           As noted, the Ninth Circuit's decision upholds the forum selection clause as to non-

8   California plaintiffs bringing non-California consumer law claims.  See Doe 1, 552 F.3d at

9   1084 (emphasis added).  There is no dispute between the parties that Ramkissoon is not a

10  California resident.  Nor is there any dispute that neither of the two claims in which he is

11  named as a Plaintiff, i.e., the claims for violation of ECPA and for unjust enrichment, are

12  California consumer protection claims.  As such, the forum selection clause applies to

13  Ramkissoon, who therefore cannot proceed on such claims in this Court.

14  IV.     CONCLUSION

15          The Court concludes that Plaintiffs' claims for violation of the ECPA (Count I), unjust

16  enrichment (Count VI) and for public disclosure of private facts (Count VII) are subject to the

17  forum selection clause because none are California consumer law claims.  With regard to

18  Plaintiff Ramkissoon, he is neither a California resident nor is he alleging any claims under the

19  consumer protection laws of California.  Accordingly,

20          IT IS HEREBY ORDERED THAT:

21          1.      Defendant's Motion to Implement the Ninth Circuit's Mandate (Docket 80) is

22  GRANTED.  Count I for violation of the ECPA, Count VI for unjust enrichment and Count VII

23  for public disclosure of private facts are DISMISSED without prejudice to refiling in Virginia

24  state court.  Plaintiff Ramkissoon is DISMISSED as a party-plaintiff from this action, without

25  prejudice.

26

27          [6] The Court's ruling undoubtedly will impact Defendant's motion for judgment on the
    pleadings and Plaintiffs' motion for class certification.  Both motions will be denied without
28  prejudice to renewal to allow the parties to revise their motions accordingly, if appropriate.

1         2.      Defendant's motion for judgment on the pleadings (Docket 100) and Plaintiffs'

2    motion for class certification (Docket 133) are DENIED without prejudice.

3         3.      This Order terminates Docket Nos. 80, 100 and 133.

4         IT IS SO ORDERED.

5    Dated: February 1, 2010                                 _____

6                                             SAUNDRA BROWN ARMSTRONG
                                              United States District Judge