UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOE 1, DOE 2, and KASADORE RAMKISSOON, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL LLC,<br><br>Defendant. | Case No: C 06-5866 SBA<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION TO STAY AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket 155, 163 |

Plaintiffs, Kasadore Ramkissoon, Doe 1 and Doe 2 (collectively "Plaintiffs"), bring this putative class action against Defendant, AOL LLC ("AOL"), alleging that it publicly disclosed confidential internet search records of more than 650,000 AOL members, in violation of various California consumer protection statutes. The parties are presently before the Court on (1) Plaintiffs' Motion to Stay and (2) AOL's Motion for Judgment on the Pleadings. Having read and considered the papers submitted in connection with these matters, the Court DENIES Plaintiffs' Motion to Stay and GRANTS IN PART and DENIES IN PART AOL's Motion for Judgment on the Pleadings. The Court resolves the instant motion without oral argument. Fed.R.Civ.P. 78(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

AOL is an internet service provider, which during the relevant time period, provided access to its services on a paid, subscription basis. (Compl. ¶ 11.) Members of AOL were

allowed access to the internet, along with a variety of proprietary content, applications, tools and alleged privacy and security protections. (Id. ¶ 12.) Like other internet sites such as Google and Yahoo, AOL provided a search engine, which allowed its members to formulate and enter search queries. (Id. ¶ 13.) A search query is a word or string of words used to correlate with a list of matching websites. (Id.) Unbeknownst to AOL members, AOL records and stores member search queries in a manner rendering it possible to connect the stored search queries with a particular member. (Id.)

On July 31, 2006, AOL packaged approximately twenty million AOL internet search records into a database, which it then inadvertently posted on its website for the public to download. (Id. ¶ 16.) This database contained the search records of nearly 658,000 AOL members that were stored from about March 2006 to May 2006. (Id.) The disclosed search data includes sensitive information regarding its members, including their names, social security numbers, addresses, telephone numbers, credit card numbers, user names, passwords, and financial/bank account information. (Id.) Personal information contained in the search queries can be used to reveal the identity of the AOL member. (Id.)

About ten days after posting the database for downloading, AOL realized its error and removed the database from its website. (Id.) By that point, however, the database had been downloaded and reposted on other websites. (Id. ¶ 17.) Though allegedly admitting that the disclosure was "wrong," AOL's response to the disclosure allegedly has been to do nothing. (Id. ¶¶ 22-27.) AOL did make an attempt to impose a license prohibiting third-party use of the database for commercial purposes; however, it has not enforced such license, thereby allowing third-party sites to profit from republication of the database. (Id. ¶ 26.)

**B. PROCEDURAL HISTORY**

**1. Prior Proceedings**

On September 22, 2006, Plaintiff Ramkissoon, a New York resident, along with two California residents, identified only as Doe 1 and Doe 2, filed suit against AOL in this Court. The Complaint alleges the seven claims for: (1) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2702; (2) violation of the California Consumers Legal

Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (3) violation of the California Customer Records Act ("CRA"), Cal. Civ. Code § 1798.80, et seq.; (4) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (6) unjust enrichment; and (7) public disclosure of private facts. Ramkissoon, Doe 1 and Doe 2 are named as Plaintiffs in the first claim under the ECPA and in the sixth claim for unjust enrichment, both of which are based on federal law. Only Doe 1 and Doe 2 are named as plaintiffs in claims two through five, which alleged violations of various California consumer protection statutes, and the seventh claim for public disclosure of private facts, which is based on California common law.

On November 20, 2006, AOL filed a motion to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer venue under 28 U.S.C. § 1406(a). The Court granted the motion to dismiss, finding that the forum selection clause contained in the AOL Member Agreement applied to Plaintiffs' claims. The Court dismissed the Complaint without prejudice to Plaintiffs' ability to refile their claims in a Virginia court. Plaintiffs appealed, and on January 16, 2009, the Ninth Circuit reversed. Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (per curiam). The court held that "the forum selection clause in the AOL Member Agreement is "unenforceable as to California resident plaintiffs bringing class action claims under California consumer law." Id. at 1084 (emphasis added).

Upon remand, AOL filed a motion to enforce the Ninth Circuit's mandate, seeking the dismissal of: (1) all claims brought by Plaintiff Ramkissoon on the ground that he is not a California resident and is not asserting any California consumer protection claims; (2) any claims that are *not* based on California consumer law, i.e., the three claims for violation of the ECPA, unjust enrichment and public disclosure of private facts. On February 2, 2010, the Court granted AOL's motion and dismissed Ramkissoon as a plaintiff and all claims other than Plaintiffs' state law consumer claims under CLRA, CRA, FAL and UCL. On March 17, 2010, Plaintiffs filed a Petition for a Writ of Mandamus with the Ninth Circuit, seeking to overturn the Court's February 2, 2010 Order. The writ petition remains pending.

Two motions are now before the Court. First, Plaintiffs move to stay the action pending the Ninth Circuit's resolution of their pending writ petition. Second, AOL moves for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). In its motion, AOL contends that Plaintiffs have failed to: (1) establish standing under Article III of the United States Constitution to seek prospective injunctive relief; (2) comply with the thirty-day pre-lawsuit notice necessary to maintain an action for damages under the CLRA; (3) allege "injury" and causation in their claims under the CLRA, FAL or UCL; (4) plead fraud with particularity consistent with Rule 9(b); and (5) state a cognizable claim based on the CRA. These matters are fully briefed and are ripe for adjudication.

## II.   **PLAINTIFFS' MOTION TO STAY**

A district court is vested with the discretion to stay an action based on its inherent power to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). In considering a stay request, the Court generally considers the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 -325 (9th Cir. 1995).[1]

---

[1] AOL contends that a request for a stay pending appeal is governed by the standard set forth in Hilton v. Braunskill, 481 U.S. 770, 776 (1987), which requires the movant to show a likelihood of success on the merits and irreparable harm absent a stay. (Def.'s Opp'n at 3-4.) However, Hilton is germane where a stay is sought with respect to an *order*. In this case, Plaintiffs are seeking to stay the *proceedings*. As such, the considerations set forth in Landis are germne. See Mediterranean Enters., 708 F.2d at 1465 (stay of action pending arbitration).

- 4 -

Plaintiffs' principal argument for a stay is that the Court should await the Ninth Circuit's decision on whether to reinstate their ECPA and other claims so that all may proceed together.  Among other things, they assert that delaying this action will avoid the possibility of having to conduct discovery in a piecemeal manner and avoid the possibility of multiple trials—in the event they prevail on their writ.  The Court is unpersuaded.  All of Plaintiffs' claims, including those which the Court dismissed, are based on the same set of circumstances; to wit, AOL's disclosure of its members' confidential, personal information.  Indeed, in a prior submission to the Court, Plaintiffs represented that "irrespective of the legal theory on which plaintiffs' claims are predicated, all of the claims are based on the same factual predicate." (Docket 87 at 3.)  Given that acknowledgement, Plaintiffs cannot credibly claim that a stay is necessary to promote efficiency in conducting discovery.

Equally uncompelling is Plaintiffs' assertion that a stay is necessary to avoid separate trials.  Plaintiffs have proposed staying the action until at least November 15, 2010, no doubt anticipating that the Ninth Circuit will have ruled on their mandamus petition by that point. (Pls.' Mot. at 1.)  Trial in this case, however, is not scheduled to commence until November 7, 2011. (Docket 173 at 5.)  As such, there should be ample time for the Ninth Circuit to rule on Plaintiffs' mandamus petition prior to the trial date, which is well over a year away.

Finally, the Court finds the remaining considerations attendant to a stay request militate against granting Plaintiffs' request.  This case was filed close to four years ago and is based on actions occurring in 2006.  To the extent that AOL's disclosure of its members' private information is as serious as they claim, it is incumbent upon Plaintiffs and their counsel to proceed as expeditiously as possible, particularly since this action is being brought as a class action.  As set forth above, all but one of Plaintiffs' state consumer law claims have survived AOL's motion for judgment on the pleadings.  The remedies available under those statutes include compensatory damages, restitution, injunctive relief and punitive damages.  See, e.g., Broberg, 171 Cal.App.4th at 923.  Given the overlap with the remedies available under the ECPA, see 18 U.S.C. § 2520(b), coupled with the inherent prejudice to AOL resulting from a stay, the Court finds that there is no compelling reason to delay this action further.  See

Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976) (presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action). For all of the above reasons, the Court, in its discretion, DENIES Plaintiffs' Motion to Stay.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

#### A. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In reviewing a motion brought under Rule 12(c), the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." Compton Unified School Dist. v. Addison, 598 F.3d 1181, 1185 (9th Cir. 2010).[2]

"[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," as the motions are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, a Rule 12(c) motion may be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). In the event the Court dismisses a claim, leave to amend should be granted unless amendment would be futile. See Deveraturda v. Globe Aviation Security Servs., 454 F.3d 1043, 1049-50 (9th Cir. 2006).

---

[2] Plaintiffs object that AOL's motion relies on facts not alleged in the pleadings. (Pls.' Opp'n at 4.) However, the Court's analysis in this Order is limited to the allegations of the Complaint, consistent with the standard of review applicable to Rule 12(c) motions.

### B. STANDING TO SEEK INJUNCTIVE RELIEF

The Complaint seeks an injunction requiring AOL to: (1) ensure that member search data does not appear as search results in internet search engines; (2) take all necessary steps to enforce its license to prohibit commercial and non-research use of members' search data; (3) no longer store or maintain records associated with members' customer internet searches on AOL's search engine; and (4) destroy all such records in its possession, custody or control. (Compl. at 18-19.) AOL contends that Plaintiffs lack standing to seek injunctive relief because they "have not pled – and cannot plead – any actual or imminent threat of future injury as a result of any alleged conduct on the part of AOL." (Def.'s Mot. at 6.)

Article III of the United States Constitution is a threshold requirement in every civil action filed in federal court. U.S. Const., art. III, § 2, cl. 1; Elk Grove Unified Sch. Dist. v. Newdow, 524 U.S. 1, 11 (2004). "[A] plaintiff must demonstrate standing separately for each form of relief sought." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006) (internal quotation marks omitted). "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010). Rather, "[o]nce a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a "real or immediate threat ... that he will again be wronged in a similar way." Id. (citations omitted). Ongoing injury may be shown where the injury "stems from" a written policy in effect at the time the injury was suffered. Id.

In the instant case, the Court is persuaded that Plaintiffs' allegations are sufficient to demonstrate standing for purposes of seeking injunctive relief. The Complaint alleges that AOL engages in a practice and policy of storing search queries containing confidential information, and that it has taken no steps to ensure that such information is not disclosed again in the future. (Compl. ¶¶ 23-27, 69-70.) Although AOL pulled the database from its website, the confidential information already had been posted on a number of public websites. (Id. ¶ 17.) Despite this, AOL allegedly has made no effort to retrieve this information or prevent its further republication. (Id. ¶ 23.) In addition, Plaintiffs aver that as a matter of policy, AOL

continues to collect and disseminate the same type of data disclosed in 2006. (Compl. ¶ 1.) These facts are sufficient to allege an ongoing injury. See Mayfield, 599 F.3d at 970.

In response, AOL contends "nowhere in the Complaint do Plaintiffs aver that AOL is *continuing* to disclose Plaintiffs' Search Data…." (Def.'s Reply at 6.) That contention ignores Plaintiffs' allegation that "AOL *continues to collect and disseminate* the very same type of search data that it compromised in late July, 2006." (Compl. ¶ 1 (emphasis added).) With regard to the allegations that AOL has done nothing to rectify its disclosure of the database, AOL responds that it has no control over the third parties which possess such information and that the unauthorized acts of third parties cannot confer standing upon Plaintiffs to seek relief from AOL. (Def.'s Reply at 4.) However, the case cited by AOL in support of this proposition is inapt. In Bano v. Union Carbide Corp., 361 F.3d 696, 717 (2d Cir. 2004), the defendant's ability to comply with an injunction would have been "dependent on permission from an entity that is not a party to [the] lawsuit and that, therefore, [could not] be subject to the district court's injunction." Id. Here, there is no indication that AOL requires "permission" to take action to prevent other websites from republishing AOL members' confidential search data. In sum, at this stage of the proceedings, the Court is persuaded that Plaintiffs have standing to seek injunctive relief.

### C. CLRA

Plaintiffs' second claim under the CLRA seeks damages, restitution, punitive damages and injunctive relief. (Compl. ¶ 56.) The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ.Code § 1770. An action may be brought under the CLRA pursuant to § 1780(a), which provides that "[any] consumer who suffers *any damage* as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against such person ...." Cal. Civ.Code § 1780(a) (emphasis added). The statute proscribes a variety of conduct, including a prohibition again "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Id., § 1770(a)(7). "The CLRA allows for restitutionary and injunctive relief, as well as compensatory and

punitive damages and attorney fees." Broberg v. Guardian Life Ins. Co. of Am., 171 Cal.App.4th 912, 923-924 (2009) (citing Cal.Civ.Code, § 1780(a)(1)-(5), (d)).

### 1. Notice Requirement for Damages

As a prerequisite to seeking damages under the CLRA, a plaintiff is required to provide notice to the defendant of the alleged statutory violation and a demand to rectify the alleged violation. Cal.Civ.Code § 1782(a). Section 1782(a) provides:

> Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> 1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770;
>
> 2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770....

Cal. Civ.Code § 1782(a). "If, within this 30-day period, the prospective defendant corrects the alleged wrongs, or indicates that it will make such corrections within a reasonable time, no cause of action for damages will lie." Morgan v. AT & T Wireless Servs., Inc., 177 Cal.App.4th 1235, 1259-1260 (2009). "[This] requirement exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30-day period that it will correct those wrongs within a reasonable time." Id. at 1261.

There is no dispute between the parties that Plaintiffs failed to provide AOL with the requisite notice under § 1782(a) or that such failure requires the dismissal of Plaintiffs' CLRA claim, insofar as it seeks damages. They disagree, however, whether such dismissal should be with or without prejudice. Although neither the California Supreme Court nor the Ninth Circuit has reached this issue, the Court of Appeal recently held in Morgan that the failure to comply with section 1782(a) does not justify dismissing a CLRA claim with prejudice. The court explained that a dismissal with prejudice is inconsistent with the purpose of the notice requirement:

> [The notice] requirement exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30-day period that it will correct those wrongs within a reasonable time…. <u>A dismissal with prejudice of a damages claim filed without the requisite notice is not required to satisfy this purpose. Instead, the claim must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements</u>. If, before that 30-day period expires the defendant corrects the alleged wrongs or indicates it will correct the wrongs, the defendant cannot be held liable for damages.

Id. at 1261 (emphasis added). Although Morgan is not binding authority, the Court nonetheless finds its rationale persuasive.

In a footnote, AOL attempts to dismiss the Morgan court's observation as dicta. Def.'s Reply at 13 n.23. Not so. The court offered the foregoing analysis in direct response to the defendant's contention that the plaintiffs could not later seek damages upon compliance with the CLRA's notice requirement where the pleading previously alleged a claim for damages. The dismissal of Plaintiffs' CLRA claim for damages therefore will be *without* prejudice.

### 2. Injury

The next issue presented is whether Plaintiffs have sufficiently pled injury for purposes of stating a claim under the CLRA.[3] A consumer that has suffered "any damage" as a result of a defendant's violation of the CLRA may present a claim for a violation of its provisions. Cal.Civ.Code § 1780(a). The meaning of "any damage" is not defined in the CLRA. In enacting the CLRA, however, the legislature "set a low but nonetheless palpable threshold of damage." Meyer v. Sprint Spectrum L.P., 45 Cal.4th 634, 646 (2009). Thus, California courts have recognized that "damage" in CLRA parlance is not synonymous with "actual damages," and may encompass "harms other than pecuniary damages." In re Steroid Hormone Prod. Cases 181 Cal.App.4th 145, 156 (2010) (internal quotations and citation omitted). Thus, for example, a consumer may allege harm from having purchased an item that he would not have bought but for defendant's deceptive marketing practices. Id. Similarly, the Ninth Circuit in

---

[3] AOL does not separately analyze the CLRA, FAL and UCL claims, but instead, lumps them together in arguing that Plaintiffs have failed to allege injury, to comply with Rule 9(b) or to allege facts to establish reliance on causation. Because these statutes are not identical, the Court discusses each statute separately.

Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 733 (9th Cir. 2007) held that injury may be shown where plaintiffs allege that they purchased a product or service and did not receive what they bargained for.

With little discussion or analysis, AOL contends that Plaintiffs have not alleged that they suffered any injury resulting from AOL's public disclosure of confidential member information. (Def.'s Mot. at 9.) The Court disagrees. Plaintiffs allege that AOL held itself out to the market as being a leader in internet security and privacy and represented that it assured members that its service was "safe, secure and private." (Compl. ¶¶ 28-32, 54.) AOL also assured its users that, as a matter of company policy, their personal information would be safeguarded and would not be shared with any third parties. (Id.) In addition, AOL users were informed that the company would keep its members fully informed about what it does with their personal information. (Id.)

In contravention to its representations regarding maintaining the privacy of its members, AOL disclosed highly sensitive personal information belonging to 658,000 of its members. (Id. ¶ 16.) This information included highly-sensitive financial information, including members' names, addresses, telephone numbers, credit card numbers, social security numbers, financial account numbers, user names and passwords. (Id. ¶ 18.) Also disclosed was information regarding members' personal issues, including sexuality, mental illness, alcoholism, incest, rape, adultery and domestic violence. (Id. ¶ 19.) AOL's collection and disclosure of members' undeniably sensitive information is not something that members bargained for when they signed up and paid fees for AOL's service. (Compl. ¶ 50, 64, 69.)

In its reply, AOL does not dispute that the harm alleged in the Complaint, as summarized above, qualifies as injury under the CLRA. Def.'s Reply at 11. Instead, AOL now argues that Plaintiffs have not alleged that they *personally* suffered any harm and that Plaintiffs' allegations of harm are too conclusory under Iqbal. (Id.) However, the Complaint specifically alleges that Plaintiffs are among the AOL members harmed by AOL's collection and public disclosure of their highly-sensitive, personal information. (Compl. ¶¶ 34, 35, 39.) As for AOL's assertion that Plaintiffs' allegations are too conclusory, that argument also fails.

The Complaint provides more than sufficient details regarding AOL's policies and representations regarding maintaining the privacy of member information and its practice of collecting personal information of its members, including their search queries, and then allowing the public to access such information without AOL members' knowledge or consent. These allegations are sufficient to afford AOL with "fair notice" of the claims being alleged against it. See Erickson, 551 U.S. at 93. The Court therefore finds that Plaintiffs have sufficiently alleged injury for purpose of the CLRA.

### 3. Particularity

AOL next argues that Plaintiffs' CLRA claim is based upon misrepresentations, and therefore, must meet the heightened pleading requirements applicable to fraud-based claims. (Def.'s Mot. at 10.) Federal Rule of Civil Procedure 9(b) provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This means that the pleadings must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

Plaintiffs contend that Rule 9(b) is inapplicable because fraud is not an element of their CLRA claim. (Pls.' Opp'n at 18-19.) However, the Ninth Circuit has held that claims that "sound in fraud" or are "grounded in fraud" must be pled with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) also applies to claims brought under the CLRA and UCL where a "unified course of fraudulent conduct" is alleged as the basis of such claim. Id. Here, the Complaint alleges that AOL violated the CLRA by misrepresenting, as a matter of policy, that it would vigorously maintain the privacy and security of its members' sensitive, personal information, but failed to do so. Given Plaintiffs' CLRA claim relies on a course of allegedly deceptive conduct by AOL, the requirements of Rule 9(b) apply. Id.

1	The above notwithstanding, the Court finds that Plaintiffs have alleged sufficient facts
2	to comport with the requisite heightened pleading requirements. Plaintiffs specify that the
3	misrepresentations were made in AOL privacy policy and other statements posted on AOL's
4	website, and that the representations were false in that they assured members that AOL would
5	endeavor to maintain the privacy and security of their personal, confidential information. The
6	pleadings further allege that in contravention to such representations, on July 31, 2006, AOL
7	made confidential data pertaining to 658,000 AOL members available to the public to
8	download. These allegations are sufficient to satisfy the purpose of Rule 9(b), which "is to
9	ensure that defendants accused of the conduct specified have adequate notice of what they are
10	alleged to have done, so that they may defend against the accusations." Concha v. London, 62
11	F.3d 1493, 1502 (9th Cir. 1995); see, e.g., Lima v. Gateway, Inc., --- F. Supp. 2d ---, 2010 WL
12	1816806 at *7 (C.D. Cal. April 6, 2010) (CLRA allegations that computer manufacturer
13	misrepresented capabilities of monitor sufficient to comport with Rule 9(b)).

14	    **4.	Causation**

15	Under the CLRA, a claim may be brought by a consumer who has suffered injury "*as a
16	result of* the use or employment of a proscribed method, act, or practice." Cal.Civ.Code
17	§ 1780(a) (emphasis added); Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1366 (2010).
18	For purposes of the CLRA, causation is sufficiently alleged where the facts plausibly suggest
19	that the defendant's misrepresentation "played a substantial part, and so has been a substantial
20	factor" in influencing the plaintiff's actions which, in turn, led to his harm. Hale v. Sharp
21	Healthcare, 183 Cal.App.4th 1373, 1386-87 (2010). Thus, for example, allegations that the
22	plaintiff entered into an agreement expecting that "regular" rates would be charged instead of
23	the excessive rates actually charged were sufficient to plead causation under the CLRA and
24	UCL. Id.
25	AOL complains that Plaintiffs have failed to allege facts sufficient to demonstrate their
26	reliance on AOL's misrepresentations or link their injury to AOL's conduct. (Def.'s Mot. at
27	11-13.) Though perhaps not a model of clarity, the Complaint does allege that AOL
28	represented, inter alia, in its privacy policy and in statement of "Privacy Commitments to

Members," that it would protect members' private, personal information and information regarding their internet searches from public disclosure.  The expectation of privacy fostered by these and similar representations undeniably were material in terms of influencing AOL members' decisions whether to disclose highly personal information, including their social security numbers and financial account information.  Obviously, a reasonable consumer would have serious reservations about disclosing such sensitive data – or entering certain search queries – if he or she were aware that AOL, contrary to its privacy policy, would make such information readily available to the public, without the members' knowledge or consent.  The Court therefore finds that Plaintiffs have sufficiently pled causation for purposes of stating a claim under the CLRA.

Accordingly, AOL's motion for judgment on the pleadings is GRANTED as to Plaintiffs' claim for damages under the CLRA, and is DENIED in all other respects.

### D.     UCL AND FAL

Plaintiffs' fourth and fifth claims allege violations of the UCL and FAL, respectively. The FAL makes it unlawful to make or disseminate any statement concerning property or services that is "untrue or misleading…."  Cal. Bus. & Prof. Code § 17500.  The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.   Both the UCL and FAL confer standing upon a "person who has suffered injury in fact and has lost money or property as a result of a violation."  Cal. Bus. & Prof. Code §§ 17204, 17535; see Buckland v. Threshold Enters., Ltd., 155 Cal.App.4th 798, 819 (2007) (noting that the UCL and FAL have the same standing requirements).[4]  AOL's arguments for dismissal of Plaintiffs' UCL and FAL claims are identical to those in support of dismissing the CLRA claim.  See Von Koenig v. Snapple Beverage Corp., --- F.Supp.2d ---, 2010 WL 1980208 at *9 (E.D. Cal. May 10, 2010) (analyzing CLRA, UCL and FAL claims together).

---

[4] Unlike the CLRA which provides for payment of damages, "[t]he remedies available in a UCL or FAL action are generally limited to injunctive relief and restitution." Pfizer Inc. v. Superior Court, 182 Cal.App.4th 622, 631 (2010).

As such, for the same reasons discussed above, AOL's motion for judgment on the pleadings with respect to Plaintiffs' claims under the UCL and FAL is DENIED.

### E. CONSUMER RECORDS ACT

Plaintiffs' third claim for relief alleges that Defendants violated the CRA by releasing member information without "appropriate protections or modifications to protect personal information contained in the database…." (Compl. ¶ 59.) The CRA provides:

> A business shall take all reasonable steps to dispose, or arrange for the disposal, of customer records within its custody or control containing personal information when the records are no longer to be retained by the business by (a) shredding, (b) erasing, or (c) otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

Cal.Civ.Code § 1798.81. In short, the CRA "requires businesses to destroy customers' records that are no longer to be maintained, and requires businesses to maintain security procedures to protect customers' personal information." Doe 1, 552 F.3d at 1080.

CRA plainly is inapplicable here because it applies only to situations where a business intends to discard records containing personal information. The statute is triggered only "when the records are no longer to be maintained by the business…." Cal.Civ.Code § 1798.81. In addition, as the legislative history makes clear, the CRA was enacted to regulate "the disposal by businesses of records containing the personal information of customers" in order to prevent identity theft. CA B. An., A.B. 2246 Sen., 8/18/2000. The legislature noted that one method of obtaining a person's identity is through "dumpster diving" outside a business to retrieve unshredded documents from the trash. Id. Assembly Bill 2246, which was enacted as § 1798.81, was intended to remedy that problem by requiring businesses to ensure that discarded records did not contain personal information that could be used by identity thieves. Id. The statute was not intended to encompass scenarios, such as the one presented, where the disclosure of personal information did not result in the course of the business's disposal of customer records. Because the CRA does not govern the conduct alleged, AOL's motion for judgment on the pleadings is GRANTED with respect to Plaintiffs' third claim under the CRA.

Because further amendment to the claim would be futile, said dismissal is without leave to amend.

## IV.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.     Plaintiffs' Motion to Stay is DENIED.

2.     AOL's Motion for Judgment on the Pleadings is GRANTED IN PART and DENIED IN PART.  Plaintiffs' claim for damages under the CLRA is DISMISSED without prejudice, and their claim under the CRA is DISMISSED without leave to amend.

3.     This Order terminates Docket Nos. 155 and 163.

IT IS SO ORDERED.

Dated:  June 22, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge