UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOE 1, DOE 2, and KASADORE RAMKISSOON, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AOL, LLC,<br><br>Defendant. | Case No: C 06-05866 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

On September 22, 2006, Kasadore Ramkissoon, a New York resident, along with unidentified California residents, Doe 1 and Doe 2, filed the instant putative class action against AOL, LLC ("AOL") in this Court. Compl. ¶¶ 5-7, Dkt. 1. The Complaint alleges seven claims for: (1) violation of the Electronic Communication Privacy Act ("ECPA"); (2) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (3) violation of the California Customer Records Act ("CRA"), Cal. Civ. Code § 1798.80, et seq.; (4) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (6) unjust enrichment; and (7) public disclosure of private facts. The pleadings aver that the Court has original jurisdiction over Plaintiffs' federal claims for violation of the ECPA and unjust enrichment, 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' remaining state law causes

of action, id. § 1367. Compl. ¶ 2. Alternatively, Plaintiffs allege that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Id. ¶ 3. As relief, Plaintiffs seek actual damages, statutory damages, punitive damages, declaratory relief, restitution and injunctive relief. Id. at 18-19.

On February 12, 2007, the Court dismissed the Complaint based on the forum selection clause contained in AOL's member agreement, which requires members to litigate any disputes with AOL in the state or federal courts of Virginia. Plaintiffs appealed, and on January 16, 2009, the Ninth Circuit reversed the Court's ruling and remanded for further proceedings. Doe 1 v. AOL LLC, 552 F.3d 1077 (9th Cir. 2009). Specifically, the court held that "the forum selection clause in the AOL member agreement is "unenforceable as to *California resident plaintiffs* bringing class action claims under *California consumer law*." Id. at 1084 (emphasis added).

After the case was remanded, AOL filed a motion to enforce the Ninth Circuit's mandate. Dkt. 82. Specifically, AOL moved to dismiss: (1) all claims brought by Plaintiff Ramkissoon because he is not a California resident and is not asserting any California consumer protection claims; and (2) any claims that are not based on California consumer law, i.e., the three claims for violation of the ECPA, unjust enrichment and public disclosure of private facts. On February 2, 2010, the Court granted AOL's motion and dismissed Plaintiffs' claims for violation of the ECPA, unjust enrichment and public disclosure of private facts without prejudice to refiling them in a Virginia state court. 2/2/10 Order at 11, Dkt. 154. As a result of the Court's ruling, only four causes of action remained; i.e., Plaintiffs' claims under the CLRA, FAL, UCL and CRA.

On June 23, 2010, the Court granted in part and denied in part AOL's motion for judgment on the pleadings. 6/23/10 Order at 16, Dkt. 178. With respect to the second cause of action under the CLRA, the Court found that Plaintiffs could not seek damages because they had failed provide AOL with the requisite notice under California Civil Code § 1782(a). Id. at 9-10. The Court dismissed Plaintiffs' damages claim without prejudice to Plaintiffs' pursuing a damages claim upon satisfaction of the requirements set forth in

**1** § 1782(a). The Court also dismissed Plaintiffs' cause of action under the CRA, with
**2** prejudice, but denied the motion for judgment on the pleadings with respect to Plaintiffs'
**3** remaining state law claims. Id.

**4** The parties are now before the Court on Plaintiffs' motion for class certification.
**5** Before reaching the merits of that motion, however, the Court is obligated to examine its
**6** subject matter jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990);
**7** United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004).
**8** Here, all federal claims alleged in the Complaint have been dismissed. Under 28 U.S.C.
**9** § 1367(b)(3), "[a] district court may decline to exercise supplemental jurisdiction if it has
**10** dismissed all claims over which it has original jurisdiction." Sanford v. MemberWorks,
**11** Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quotation marks omitted). "'[I]n the usual case in
**12** which all federal-law claims are eliminated before trial, the balance of factors to be
**13** considered under the pendent jurisdiction doctrine –judicial economy, convenience,
**14** fairness, and comity—will point toward declining to exercise jurisdiction over the
**15** remaining state-law claims.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
**16** 350 n.7 (1988)). Given these considerations, the Court's inclination is to exercise its
**17** discretion in favor of declining to assert supplemental jurisdiction over Plaintiffs' state law
**18** claims and dismiss them without prejudice to refiling said claims in a California court. See
**19** Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may sua sponte
**20** exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)).[1]

**21** The above notwithstanding, the Court notes that the issue of supplemental
**22** jurisdiction may be moot to the extent that the Complaint alleges an independent basis for
**23** subject matter jurisdiction over the state law causes of action. As noted, the Complaint
**24** alleges that, "[i]n the alternative," the Court has jurisdiction "pursuant to U.S.C. § 1332."
**25** Compl. ¶ 3. It is unclear from Plaintiffs' generic allegations whether they are referring to

---

**27** [1] The Court also notes that this may be a case in which the state law claims substantially predominate over the claims upon which the district court had original
**28** jurisdiction. 28 U.S.C. § 1367(c)(2).

1  § 1332(a), which provides for diversity jurisdiction where the parties are citizens of
2  different states and the sum in controversy exceeds $75,000; or whether Plaintiffs were
3  referring to § 1332(d), which sets forth the provisions of the Class Action Fairness Act of
4  2005 ("CAFA").  Under CAFA:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).  CAFA applies to "class actions," which are specifically defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  Id. § 1332(d)(1)(B).

The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists.  See Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  However, the Complaint fails to allege sufficient facts from which it can be determined whether jurisdiction under § 1332(a) or (d) exists.  Although the Complaint alleges that Plaintiffs and AOL are citizens of different states, no amount in controversy is alleged.  See Century Southwest Cable Television, Inc. v. CIIF Associates  33 F.3d 1068, 1071 (9th Cir. 1994) ("Century failed, however, to allege the amount in controversy; the jurisdictional requirements of 28 U.S.C. § 1332, therefore, were not met."); see also Reid v. American Traffic Solutions, Inc., No. 10-cv-204, 2010 WL 5289108, at *7 (S.D. Ill. Dec. 20, 2010) (finding that plaintiff could not rely on CAFA to establish jurisdiction where he did not "assert CAFA as a basis for jurisdiction and [did] not include allegations to support CAFA jurisdiction.").

Evaluating whether the requisite amount in controversy is met in this case is further complicated by Plaintiffs' abandonment of their claim for damages and the corresponding decision to now seek declaratory and injunctive relief only.  See Pl.'s Mot. at Class Cert. at 2 ("Plaintiffs are seeking certification only to pursue declaratory and injunctive relief…."). Although the cost of injunctive relief may be considered in calculating the amount in controversy under CAFA where a plaintiff's recovery is below the jurisdictional threshold, see In re Ford Motor Co., 264 F.3d 952, 958 (9th Cir. 2001), Plaintiffs herein offer no indication as to what that value might be.  In sum, it is unclear at this juncture whether a basis for subject matter jurisdiction independent of 28 U.S.C. § 1331 is present.  Accordingly,

IT IS HEREBY ORDERED THAT the parties are directed to show cause why the remaining state law causes of action should not be dismissed without prejudice for lack of subject matter jurisdiction, and alternatively, why the Court should not decline to exercise supplemental jurisdiction over those causes of action, pursuant to 28 U.S.C. § 1367(c)(2) and (c)(3), in the absence of subject matter jurisdiction under 28 U.S.C. § 1332.  Plaintiffs and AOL may respond to this Order by submitting a memorandum, not to exceed ten (10) pages, by no later than February 11, 2011.  The hearing on Plaintiffs' motion for class certification scheduled for February 1, 2011, is VACATED, and said motion shall be held in abeyance pending the Court's resolution of the instant Order to Show Cause.

IT IS SO ORDERED.

Dated:  January 31, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge